1

**BLUMENTHAL & NORDREHAUG**
  Norman B. Blumenthal (State Bar #068687)

2
  Kyle R. Nordrehaug (State Bar #205975)
  Aparajit Bhowmik (State Bar #248066)

3
2255 Calle Clara
La Jolla, CA 92037

4
Telephone: (858)551-1223
Facsimile: (858) 551-1232

5

**UNITED EMPLOYEES LAW GROUP**

6
  Walter Haines (State Bar #71705)
65 Pine Ave, #312

7
Long Beach, CA 90802
Telephone: (562) 256-1047

8
Facsimile: (562) 256-1006

FILED

'2008 AUG -1  AM 9:49

CLERK US DISTRICT ~
SOUTHERN DISTRICT OF C~

ORIGINAL

BY____KNH____DEPUTY

9

**UNITED STATES DISTRICT COURT**

10

**SOUTHERN DISTRICT OF CALIFORNIA**

11

12

ANGELA PITTARD, on behalf of herself, and on behalf of all persons similarly situated,

13

Plaintiffs,

14

vs.

15

16

ORANGE COUNTY HOMECARE, a California limited liability corporation, doing business as SALUS HOMECARE and SALUS HEALTHCARE; and, Does 1 to 10,

17

18

19

Defendants.

20

21

22

23

24

25

26

27

28

CASE No. **'08 CV 1398  J  WMc**

CLASS AND COLLECTIVE ACTION COMPLAINT FOR:

1. FAILURE TO PAY COMPENSATION IN VIOLATION OF 29 U.S.C. § 201, *et seq.*;

2. FAILURE TO PAY WAGES IN VIOLATION OF CAL. LAB. CODE §§ 510, 515, 551, 552, 1182, 1194, 1197 AND 1198, *et seq.*;

3. FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE § 203;

4. FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;

5. FAILURE TO PROVIDE MEAL AND REST PERIODS IN VIOLATION OF CAL. LAB. CODE § 226.7 AND 512;

6. FAILURE TO INDEMNIFY IN VIOLATION OF CAL. LAB. CODE § 2802;

7. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE § 17200, *et seq.;* and

DEMAND FOR A JURY TRIAL

1

1        Plaintiff Angela Pittard alleges on information and belief, except for her own acts and

2  knowledge, the following:

3                             **NATURE OF THE ACTION**

4       1.      Plaintiff Angela Pittard ("PLAINTIFF") brings this class action on behalf of

5  herself and all individuals who are or previously were employed by Defendant ORANGE COUNTY

6  HOMECARE, a California limited liability corporation, doing business as SALUS HOMECARE

7  and SALUS HEALTHCARE (hereinafter referred to as "DEFENDANTS") as Caregivers and other

8  similarly situated positions in California during the period four (4) years prior to the filing of this

9  Complaint, who were classified by Defendant as exempt, and who have been or may be subject to

10  the challenged exemption classification policies and practices used by Defendant (the "CLASS").

11       2.      Individuals in this position of Caregiver with DEFENDANTS are and were

12  employees entitled to be classified as non-exempt, entitled to be paid overtime compensation,

13  entitled to be provided with meal and rest breaks, and entitled to prompt payment of all amounts due

14  and unpaid owing upon leaving employment.

15       3.      Although DEFENDANTS require their employees employed as Caregivers to work

16  more than eight (8) hours a day, more than forty (40) hours a week, and work hours on the seventh

17  (7th) consecutive day of a work week, as a matter of policy and practice, DEFENDANTS

18  consistently and uniformly failed to properly classify these employees, and through such practice,

19  failed to record and pay such employees for overtime hours worked, denying them the compensation

20  that the law requires.

21       4.      PLAINTIFF, on behalf of herself and the CLASS of Caregivers similarly situated,

22  seeks to have all such employees reclassified and recover all the compensation that DEFENDANTS

23  were required by law to provide, but failed to provide, to PLAINTIFF and all other CLASS

24  members, including overtime compensation, compensation for missed meal and rest breaks,

25  compensation for amounts not paid upon leaving employment and such other and further

26  compensation, penalties, and interest as shall be determined.

27

28

**JURISDICTION AND VENUE**

5.    This Court has jurisdiction over PLAINTIFF'S federal claim pursuant to 28 U.S.C.§1331, federal question jurisdiction, 29 U.S.C. § 219, the Fair Labor Standards Act, and 28 U.S.C. § 1367, supplemental jurisdiction of state law claims.

6.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c), because DEFENDANTS do substantial business in this District and committed the wrongful conduct against certain members of the CLASS in San Diego County, California.

**PARTIES**

7.    Plaintiff Angela Pittard ("PLAINTIFF") has been employed by DEFENDANTS since July of 2006 in the state of California in the position of "Caregiver."

8.    DEFENDANTS conducted and continue to conduct substantial and regular business in San Diego County, California, and throughout California. DEFENDANTS also conduct business throughout the United States and are an enterprise engaged in commerce within the meaning of the Fair Labor Standards Act by regularly and recurrently receiving or transmitting interstate communications.

9.    The Defendants named in this Complaint, and Does 1 through 10, inclusive, are, and at all times mentioned herein were, the agents, servants, and/or employees of each of the other Defendant and each Defendant was acting within the course of scope of his, her or its authority as the agent, servant and/or employee of each of the other Defendant (the "DEFENDANTS"). Consequently, all the DEFENDANTS are jointly and severally liable to the PLAINTIFF and the other members of the CLASS, for the losses sustained as a proximate result of DEFENDANTS' conduct.

**COLLECTIVE ACTION UNDER THE FLSA**

10.    PLAINTIFF brings this lawsuit as a collective action under the Fair Labor and Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), on behalf of all persons who were, are, or will

1  be employed by DEFENDANTS as Caregivers, or in other substantially similar positions during the

2  period commencing four years prior to the filing of this Complaint and ending on the date as the

3  Court shall determine (the "COLLECTIVE CLASS PERIOD"), who performed work in excess of

4  forty (40) hours in one week and did not receive overtime compensation as required by the FLSA

5  (the "COLLECTIVE CLASS").  To the extent equitable tolling operates to toll claims by the

6  COLLECTIVE CLASS against the DEFENDANTS, the COLLECTIVE CLASS PERIOD should be

7  adjusted accordingly.  The COLLECTIVE CLASS includes all such persons, whether or not they

8  were paid by commission, by salary, or by part commission and part salary.

9       11.    Questions of law and fact common to the COLLECTIVE CLASS as a whole, but not

10  limited to the following, include:

11       a.    Whether DEFENDANTS misclassified PLAINTIFF and members of the

12            COLLECTIVE CLASS as exempt from receiving compensation for all hours

13            worked, including federal overtime compensation;

14       b.    Whether DEFENDANTS failed to adequately compensate the members

15            of the COLLECTIVE CLASS for all hours worked as required by the FLSA,

16            including the time worked through their meal periods;

17       c.    Whether DEFENDANTS should be enjoined from continuing the practices which

18            violate the FLSA; and,

19       d.    Whether DEFENDANTS are liable to the COLLECTIVE CLASS.

20       12.    The first cause of action for the violations of the FLSA may be brought and

21  maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C. 216(b), for

22  all claims asserted by the representative PLAINTIFF of the COLLECTIVE CLASS because the

23  claims of the PLAINTIFF are similar to the claims of the members of the prospective

24  COLLECTIVE CLASS.

25       13.    PLAINTIFF and the COLLECTIVE CLASS are similarly situated,

26  have substantially similar job requirements and pay provisions, and are subject to DEFENDANTS'

27  common and uniform policy and practice of misclassifying their employees, failing to pay for all

28

1 │ actual time worked and wages earned, and failing to accurately record all hours worked by these

2 │ employees in violation of the FLSA and the Regulations implementing the Act as enacted by the

3 │ Secretary of Labor (the "REGULATIONS").

4

5 │ **CLASS ACTION ALLEGATIONS**

6 │     14.    PLAINTIFF brings this action on behalf of herself in her individual

7 │ capacity and also on behalf of a California Class of all employees of DEFENDANTS in California

8 │ who were, are, or will be employed as Caregivers, or in other substantially similar positions during

9 │ the period commencing four years prior to the filing of this Complaint and ending on the date of

10 │ judgment (the "CALIFORNIA CLASS PERIOD"), who performed work in excess of eight (8)

11 │ hours in one day and/or forty (40) hours in one week and/or hours on the seventh (7th) consecutive

12 │ day of a workweek and did not receive overtime compensation as required by Labor Code Section

13 │ 510 and Wage Order 15-2001. This class is hereinafter referred to as the "CALIFORNIA CLASS."

14 │ The CALIFORNIA CLASS includes all such persons, whether or not they were paid by

15 │ commission, by salary, or by part commission and part salary.

16 │     15.    DEFENDANTS, as a matter of corporate policy, practice and procedure, and in

17 │ violation of the applicable California Labor Code ("Labor Code") and Industrial Welfare

18 │ Commission ("IWC") Wage Order Requirements intentionally, knowingly, and systematically

19 │ misclassified the PLAINTIFF and the other members of the CALIFORNIA CLASS as exempt from

20 │ receiving compensation for all hours worked and other labor laws in order to avoid the payment of

21 │ wages due for hours worked by misclassifying their positions as exempt. To the extent equitable

22 │ tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANTS, the

23 │ CALIFORNIA CLASS PERIOD should be adjusted accordingly.

24 │     16.    DEFENDANTS violated the rights of the CALIFORNIA CLASS under California

25 │ law by:

26 │     (a)    Committing an act of unfair competition in violation of the California Labor

27 │     Code, by failing to pay PLAINTIFF and the members of the CALIFORNIA

28

5

COMPLAINT

1   CLASS all wages and compensation due for all hours worked in a work

2   week.

3   (b)   Violating California law, including Cal. Labor Code § 204, by failing to pay

4   PLAINTIFF and the members of the CALIFORNIA CLASS pay for all work

5   hours for which DEFENDANTS are liable pursuant to Cal. Lab. Code §

6   1194.

7   (c)   Violating the Wage Order and California Code of Regulations § 11150  by

8   misclassifying PLAINTIFF and the members of the CALIFORNIA CLASS as

9   exempt and failing to provide overtime compensation for all hours worked

10   excess of eight (8) hours in a day, forty (40) in a week, or for hours worked

11   on the seventh (7th) consecutive workday day.

12   (e)   Violating Cal. Lab. Code § 203, which provides that when an employee is

13   discharged or quits from employment, the employer must pay the employee

14   all wages due without abatement, by failing to tender full payment and/or

15   restitution of wages owed or in the manner required by California law to the

16   PLAINTIFF and the members of the CALIFORNIA CLASS who have

17   terminated their employment.  Thus, DEFENDANTS are liable for such

18   wages for a period of thirty (30) days following the termination of such

19   employment.

20   (f)   Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFF and the

21   members of the CALIFORNIA CLASS with an accurate itemized statement

22   in writing showing the total hours worked by the employee.

23   (g)   Violating the Wage Order and California Code of Regulations § 11150,

24   subsection 7, by failing to maintain accurate records of time and hours

25   worked in the payroll period and failing to make such information available

26   to employees.

27   (h)   Violating Cal. Lab. Code §§ 1198 and 226.7 and the regulations and orders

28

6

COMPLAINT

implementing the Code, by failing to provide PLAINTIFF and the members of the CALIFORNIA CLASS with meal periods and are thus liable for premium pay of one hour for each workday such meal periods were denied.

17.   This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Rule 23 of the Federal Rules of Civil Procedure ("F.R.C.P."), in that:

(a)   The persons who comprise the CALIFORNIA CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)   Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA CLASS and will apply uniformly to every member of the CALIFORNIA CLASS;

(c)   The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA CLASS.   PLAINTIFF, like all other members of the CALIFORNIA CLASS, was systematically misclassified as exempt from receiving compensation for all hours worked and sustained economic injuries arising from DEFENDANTS' violations of the laws of California. PLAINTIFF and the members of the CALIFORNIA CLASS are similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by the DEFENDANTS of systematically misclassifying as exempt all Caregivers from receiving compensation for all hours worked.

(d)   The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and has retained counsel who are competent and experienced in Class Action litigation.   There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA CLASS that would make class certification inappropriate.   Counsel for the CALIFORNIA CLASS will

7
COMPLAINT

1          vigorously assert the claims of all Class Members.

2      18.    In addition to meeting the statutory prerequisites to a Class Action, this action is

3  properly maintained as a Class Action pursuant to F.R.C.P. 23, in that:

4          (a)    Without class certification and determination of declaratory, injunctive,

5                 statutory and other legal questions within the class format, prosecution of

6                 separate actions by individual members of the CALIFORNIA CLASS will

7                 create the risk of:

8                 1)    Inconsistent or varying adjudications with respect to individual

9                       members of the CALIFORNIA CLASS which would establish

10                      incompatible standards of conduct for the parties opposing the

11                      CALIFORNIA CLASS; or,

12                2)    Adjudication with respect to individual members of the

13                      CALIFORNIA CLASS which would as a practical matter be

14                      dispositive of interests of the other members not party to the

15                      adjudication or substantially impair or impede their ability to protect

16                      their interests.

17         (b)    The parties opposing the CALIFORNIA CLASS have acted on grounds

18                generally applicable to the CALIFORNIA CLASS, making appropriate class-

19                wide relief with respect to the CALIFORNIA CLASS as a whole in that the

20                DEFENDANTS systematically misclassified all Caregivers as exempt from

21                receiving compensation for all hours worked;

22         (c)    Common questions of law and fact exist as to the members of the

23                CALIFORNIA CLASS and predominate over any question affecting only

24                individual members, and a Class Action is superior to other available

25                methods for the fair and efficient adjudication of the controversy, including

26                consideration of:

27                1)    The interests of the members of the CALIFORNIA CLASS in

28

**8**
COMPLAINT

1                     individually controlling the prosecution or defense of separate actions;

2             2)       The extent and nature of any litigation concerning the controversy

3                     already commenced by or against members of the CALIFORNIA

4                     CLASS;

5             3)       The desirability or undesirability of concentrating the litigation of the

6                     claims in the particular forum;

7             4)       The difficulties likely to be encountered in the management of a Class

8                     Action; and,

9             5)       The basis of DEFENDANTS misclassifying PLAINTIFF and the

10                     CALIFORNIA CLASS as exempt from receiving overtime

11                     compensation.

12       19.     This Court should permit this action to be maintained as a Class Action pursuant to

13 F.R.C.P. 23 because:

14            (a)      The questions of law and fact common to the CALIFORNIA CLASS

15                     predominate over any question affecting only individual members;

16            (b)      A Class Action is superior to any other available method for the fair and

17                     efficient adjudication of the claims of the members of the CALIFORNIA

18                     CLASS;

19            (c)      The members of the CALIFORNIA CLASS are so numerous that it is

20                     impractical to bring all members of the CALIFORNIA CLASS before the

21                     Court;

22            (d)      PLAINTIFF, and the other CALIFORNIA CLASS members, will not be able

23                     to obtain effective and economic legal redress unless the action is maintained

24                     as a Class Action;

25            (e)      There is a community of interest in obtaining appropriate legal and equitable

26                     relief for the common law and statutory violations and other improprieties,

27                     and in obtaining adequate compensation for the damages and injuries which

28

9

COMPLAINT

1    DEFENDANTS' actions have inflicted upon the CALIFORNIA CLASS;

2    (f)    There is a community of interest in ensuring that the combined assets and

3    available insurance of DEFENDANTS are sufficient to adequately

4    compensate the members of the CALIFORNIA CLASS for the injuries

5    sustained;

6    (g)    DEFENDANTS have acted or refused to act on grounds generally applicable

7    to the CALIFORNIA CLASS, thereby making final class-wide relief

8    appropriate with respect to the CALIFORNIA CLASS as a whole; and

9    (h)    The members of the CALIFORNIA CLASS are readily ascertainable from the

10    business records of the DEFENDANTS. The CALIFORNIA CLASS

11    consists of all of DEFENDANTS' employees employed as Caregivers in

12    California who were classified as exempt from receiving wages for all hours

13    worked. DEFENDANTS, as a matter of law, has the burden of proving the

14    basis for the exemption as to each and every Caregiver so classified. To the

15    extent that DEFENDANTS have failed to maintain records sufficient to

16    establish the basis for the exemption (including but not limited to, the

17    employee's job duties, wages, and hours worked) for any Caregiver,

18    DEFENDANTS are estopped, as a matter of law, to assert the existence of

19    the exemption.

20

21    **GENERAL ALLEGATIONS**

22    20.    DEFENDANTS, as a matter of corporate policy, practice and procedure, and in

23    violation of the applicable California Labor Code ("Labor Code"), Industrial Welfare Commission

24    ("IWC") Wage Order Requirements, and the applicable provisions of the FLSA, intentionally,

25    knowingly, and wilfully, on the basis of job title alone and without regard to the actual overall

26    requirements of the job or compensation paid, systematically misclassified the PLAINTIFF and the

27    other members of the CALIFORNIA CLASS and the COLLECTIVE CLASS (the "CLASS") as

28    _____

1    exempt from receiving overtime wages.  This practice of DEFENDANTS was intended to

2    purposefully avoid the payment of earned wages by misclassifying the PLAINTIFF and other

3    Caregivers similarly situated as exempt.  To the extent equitable tolling operates to toll claims by

4    the CLASS against DEFENDANTS, the CALIFORNIA CLASS PERIOD and the COLLECTIVE

5    CLASS PERIOD (the "CLASS PERIODS")  should be adjusted accordingly.

6         21.     DEFENDANTS have intentionally and deliberately created numerous job levels and

7    a multitude of job titles to create the superficial appearance of hundreds of unique jobs, when in

8    fact, these jobs are substantially similar and can be easily grouped together for the purpose of

9    determining whether they are entitled to wages for hours worked and whether DEFENDANTS were

10   required to maintain accurate time and hour records.  DEFENDANTS have uniformly misclassified

11   these CLASS members as exempt and denied them wages and other benefits to which they are

12   entitled in order to unfairly cheat the competition and unlawfully profit.

13        22.     DEFENDANTS maintain records from which the Court can ascertain and identify

14   each of DEFENDANTS' employees who as CLASS members, have been systematically,

15   intentionally and uniformly misclassified as exempt from receiving wages for all hours worked as a

16   matter of DEFENDANTS' corporate policy, practice and procedure.  To the extent DEFENDANTS'

17   have assigned job titles, other than Caregiver to employees subjected to the practices herein alleged,

18   PLAINTIFF will seek leave to amend the complaint to include any additional job titles when they

19   have been identified.

20

21                              **THE CONDUCT**

22        23.     PLAINTIFF was hired by DEFENDANTS and placed into the job title of

23   "Caregiver."  PLAINTIFF functions as a working member on the production side of the household

24   occupation business for DEFENDANTS.  The job duties of PLAINTIFF and the Caregivers are to

25   perform manual labor related to the care of persons who are clients of DEFENDANTS and to

26   perform maintenance of the client's private household and premises as set forth on Exhibit 1,

27   attached hereto and incorporated by this reference herein.  The PLAINTIFF and the Caregivers did

28                                  11

1   not live in the client's private household. Rather, the PLAINTIFF and the Caregivers commuted

2   from their own homes to the household of the client to perform household labor. The household

3   labor performed by the Caregivers is the product that DEFENDANTS deliver to the customers.

4       24.    On a weekly basis, substantially more than twenty percent (20%) of the time of

5   Plaintiff and the other members of the CLASS was spent during the Class Period performing

6   general housekeeping duties as a domestic servant, as outline in Exhibit #1, separate from assisting

7   the client as a personal attendant and without the assistance of the client. As shown by Exhibit 1,

8   the PLAINTIFF and members of the CLASS are required to, without the participation of the client:

9   (a) cook breakfast, lunch and dinner; (b) run errands, which includes grocery shopping and picking

10  up prescriptions; (c) perform homemaking, which includes laundry/washing/drying/folding; (d)

11  clean the restroom, which includes the toilet, sink, bathtub/shower, emptying of the trash, and

12  sweeping/mopping the floor; (e) clean the kitchen, which includes cleaning the sink, washing the

13  dishes, wiping the counter, wiping the stove top, wiping the refrigerator, cleaning the inside of the

14  microwave, loading the dishwasher, emptying the dishwasher, sweep/mopping the floor, and

15  emptying the trash; (f) clean the living area, which includes vacuuming, dusting, changing bed

16  linens, and wiping mirrors; and (g) pet care.

17      25.    In performing the conduct herein alleged, the DEFENDANTS uniformly

18  misrepresented to the PLAINTIFF and the other members of the CLASS that they were exempt

19  from overtime and the applicable state and federal labor laws, when in fact, they were not. The

20  DEFENDANTS' wrongful conduct and violations of law as herein alleged demeaned and

21  wrongfully deprived PLAINTIFF and the other members of the CLASS of the career opportunities

22  to which they were lawfully entitled. DEFENDANTS engaged in such wrongful conduct by failing

23  to have adequate employment policies and maintaining adequate employment practices consistent

24  with such policies. DEFENDANTS wrongful conduct as herein alleged converted the money

25  belonging to the PLAINTIFF and the other members of the CLASS.

26      26.    In performing these routine tasks for DEFENDANTS, the members of the CLASS

27  have worked and continue to work for DEFENDANTS without being paid the requisite overtime

28

12

COMPLAINT

1 | wages for all hours worked. As a result of these rigorous demands, PLAINTIFF and other similarly

2 | situated employees were also often unable to take meal and/or rest breaks due to the press of

3 | DEFENDANTS' business. During the Class Period, PLAINTIFF, and the members of the CLASS

4 | worked and/or still work on the production side of the DEFENDANTS' business, but are

5 | nevertheless misclassified as exempt.

6 |      27.    Neither the PLAINTIFF, nor any member of the CLASS, was primarily engaged in

7 | work of a type that was or now is directly related to the DEFENDANTS' management policies or

8 | general business operations, when giving these words a fair but narrow construction. Neither the

9 | PLAINTIFF, nor any member of the CLASS was primarily engaged in work of a type that was or

10 | now is performed at the level of the policy or management of the DEFENDANTS. To the contrary,

11 | the work of DEFENDANTS' Caregivers is work wherein PLAINTIFF and members of the CLASS

12 | are primarily engaged in the day to day business operations of the DEFENDANTS, to mechanically

13 | provide general housekeeping services for the DEFENDANTS' clients, by performing maintenance

14 | of the client's private household and premises in accordance with the established criteria of the

15 | management policies and general business operations established by DEFENDANTS' management.

16 | In this way, the work of PLAINTIFF and the members of the CLASS is focused solely on the

17 | mechanical routine of day to day household maintenance. A Caregviver's work in performing

18 | general housekeeping duties does not permit judgment or discretion that is independent, as this work

19 | is performed according to DEFENDANTS' established criteria and procedures.

20 |      28.    Considerations such as (a) DEFENDANTS' realistic expectations for the jobs titled

21 | Caregiver, on the production side of the DEFENDANTS' business enterprise, and (b) the actual

22 | overall requirements of the jobs titled Caregiver, are susceptible to common proof. The work that

23 | PLAINTIFF and other members of the CLASS were and are primarily engaged in performing day to

24 | day activities is the work that is required to be performed as part of the day to day business of

25 | DEFENDANTS in providing services to the private households owned by DEFENDANTS' clients.

26 | As a result, PLAINTIFF and the other members of the CLASS were and still are primarily engaged

27 | in work that falls squarely on the production side of the administrative/production worker

28 |

13
COMPLAINT

1  dichotomy.

2         29.     DEFENDANTS systematically misclassified as exempt PLAINTIFF and all other

3  members of the CALIFORNIA CLASS and COLLECTIVE CLASS solely on the basis of their job

4  title and without regard to DEFENDANTS' realistic expectations, the actual overall requirements of

5  the job, or the pay received by the employee.  Consequently, PLAINTIFF and the other members of

6  the CALIFORNIA CLASS and COLLECTIVE CLASS were uniformly and systematically

7  exempted by DEFENDANTS from payment of wages due for hours worked during the CLASS

8  PERIOD.

9         30.     Cal. Lab. Code § 515 appoints the Industrial Welfare Commission to establish

10  exemptions from the requirement that an overtime rate of compensation be paid pursuant to

11  Sections 510 and 511 for executive, administrative, and professional  employees, provided that the

12  employee is primarily engaged in the duties that meet the test of the exemption, customarily and

13  regularly exercises discretion and independent judgment in performing those duties, and earns a

14  monthly salary equivalent to no less than two times the state minimum wage for full-time

15  employment.  California Labor Code § 515 and Industrial Welfare Commission Wage Order 15-

16  2001 (the "Wage Order") set forth the requirements which must be satisfied in order for an

17  employee to be lawfully classified as exempt from certain provisions of the Wage Order.  Although

18  wrongfully classified by DEFENDANTS as exempt from certain requirements of the Wage Order at

19  the time of hire and thereafter, PLAINTIFF, and all other members of the similarly-situated

20  CALIFORNIA CLASS, are not exempt under Industrial Welfare Commission Wage Order 15-2001

21  (the "Wage Order"), and Cal. Lab. Code § 515.

22         31.     Section 13 of the FLSA and 29 Code of Federal Regulations Part 541, *et seq*., set

23  forth the requirements which must be satisfied in order for an employee to be lawfully classified as

24  exempt.  Although wrongfully classified by DEFENDANTS as exempt at the time of hire and

25  thereafter, PLAINTIFF, and all other members of the similarly-situated COLLECTIVE CLASS, are

26  not exempt under section 13 of the FLSA or the provisions of 29 C.F.R. 541, *et seq*.

27  DEFENDANTS' conduct as herein alleged was willful and not in good faith, and  DEFENDANTS

28  had no reasonable grounds for believing that the alleged conduct was not a violation of the FLSA.

32.     Despite the fact that PLAINTIFF, and the other members of the CLASS, regularly worked in excess of eight (8) hours a day and/or forty (40) hours per week and/or on the seventh (7th) consecutive day of a work week, they did not receive overtime wages for the overtime hours worked, and as a result suffered an economic injury.

33.     Pursuant to 29 U.S.C. § 207, PLAINTIFF and other members of the COLLECTIVE CLASS, were required to be compensated for all meal breaks taken by PLAINTIFF and the other members of the COLLECTIVE CLASS where they performed duties predominantly for the benefit of the DEFENDANTS during the meal breaks.   Under 29 CFR 785.19, this time spent during the lunch break is compensable because PLAINTIFF and the other members of the COLLECTIVE CLASS were required to perform duties while eating.

## FIRST CAUSE OF ACTION

**Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA")**

**(By PLAINTIFF and the COLLECTIVE CLASS and Against all DEFENDANTS)**

34.     PLAINTIFF, and the other members of the COLLECTIVE CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 33 of this Complaint.

35.     DEFENDANTS are engaged in communication, business, and transmission throughout the United States and are, therefore, engaged in commerce within the meaning of 29 U.S.C. § 203(b).

36.     29 U.S.C. § 255 provides that a three-year statute of limitations applies to willful violations of the FLSA.

37.      The Fair Labor Standards Act, 29 U.S.C. §201, *et seq*., states that an employee must be compensated for all hours worked, including all straight time compensation and overtime compensation. 29 C.F.R. §778.223 and 29 C.F.R. §778.315.  This Court has concurrent jurisdiction over claims involving the Fair Labor Standards Act pursuant to 29 U.S.C. § 216.

38.     Section 207(a) of the FLSA provides that:

Except as otherwise provided in this section, no employer shall employ any of his

15

COMPLAINT

1        employees who in any workweek is engaged in commerce or in the production of

2        goods for commerce, or is employed in an enterprise engaged in commerce or in the

3        production of goods for commerce, for a workweek longer than forty hours unless

4        such employee receives compensation for his employment in excess of the hours

5        above specified at a rate not less than one and one-half times the regular rate at which

6        he is employed.

7    39.    Specifically, section 207(l) of the FLSA provides that:

8        No employer shall employ any employee in domestic service in one or more

9        households for a workweek longer than forty hours unless such employee receives

10       compensation for such employment in accordance with subsection (a).

11    40.    The terms domestic service is defined by 29 CFR 552.3 as:

12       [S]ervices of a household nature performed by an employee in or about a private

13       home (permanent or temporary) of the person by whom he or she is employed. The

14       term includes employees such as cooks, waiters, butlers, valets, maids, housekeepers,

15       governesses, nurses, janitors, laundresses, caretakers, handymen, gardeners, footmen,

16       grooms, and chauffeurs of automobiles for family use. It also includes babysitters

17       employed on other than a casual basis.

18    41.    PLAINTIFF and every other individual employed by DEFENDANTS as a Caregiver

19    or in other similarly situated positions was employed in domestic services in one or more

20    households.  As a result, pursuant to section 207 of the FLSA and 29 CFR 552.3, PLAINTIFF and

21    every other individual employed by DEFENDANTS as a Caregiver or in other similarly situated

22    positions should have been paid at a rate of not less than one and one-half times the regular rate at

23    which they were employed for all hours worked longer than forty (40) in one workweek.

24    42.    Section 213(a)(15) of the FLSA provides that the overtime pay requirement does not

25    apply to:

26

27       any employee employed on a casual basis in domestic service employment to provide

28       babysitting services or any employee employed in domestic service employment to

1    provide companionship services for individuals who (because of age or infirmity) are

2    unable to care for themselves (as such terms are defined and delimited by regulations

3    of the Secretary).

4    43.    29 CFR 552.5 provides:

5        [T]he term casual basis, when applied to babysitting services, shall mean

6        employment which is irregular or intermittent, and which is not performed by an

7        individual whose vocation is babysitting. Casual babysitting services may include the

8        performance of some household work not related to caring for the children: Provided,

9        however, [t]hat such work is incidental, i.e., does not exceed 20 percent of the total

10       hours worked on the particular babysitting assignment.

11    44.    This exemption from overtime described in section 212(a)(15) of the FLSA and

12    29 CFR 552, et seq., would not apply to PLAINTIFF, nor to any other individual employed by

13    DEFENDANTS as a Caregiver or in other similarly situated positions because (a) the employment

14    of these employees was not at an irregular or intermittent rate and/or (b) the performance of

15    household work by PLAINTIFF and these employees that was not related to care of the individual

16    exceeded twenty percent (20%) of the particular assignment.

17    45.    DEFENDANTS have willfully engaged in a widespread pattern and practice of

18    violating the provisions of the FLSA, as detailed above, by uniformly designating certain employees

19    as "exempt" employees, by their job title and without regard to DEFENDANTS' realistic

20    expectations and actual overall requirements of the job, including PLAINTIFF and the other

21    members of the COLLECTIVE CLASS who worked on the production side of the DEFENDANTS'

22    business enterprise.  This was done in an illegal attempt to avoid payment of overtime wages and

23    other benefits in violation of the FLSA and Code of Federal Regulations requirements.

24    46.    Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., PLAINTIFF and

25    the members of the COLLECTIVE CLASS are entitled to compensation for all hours actually

26    worked, including time working during meal periods and compensation at a rate not less than one

27    and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any

28    workweek.

47.     29 C.F.R. 541.2 establishes that a job title alone is insufficient to establish the exempt status of an employee. The exempt or nonexempt status of any particular employee must be determined on the basis of whether the employee's salary and duties meet the requirements of the regulations in this part.

48.     The exemptions of the FLSA as listed in section 13(a)(15) do not apply to PLAINTIFF and the other members of the COLLECTIVE CLASS, because their work consists of non-management, manual, and production line labor.

49.     For an employee to be exempt as a bona fide "executive," all the following criteria must be met and DEFENDANTS have the burden of proving that:

    (a)     The employee's primary duty must be management of the enterprise, or of a customarily recognized department or subdivision;

    (b)     The employee must customarily and regularly direct the work of at least two (2) or more other employees;

    (c)     The employee must have the authority to hire and fire, or to command particularly serious attention to his or his recommendations on such actions affecting other employees; and,

    (d)     The employee must be primarily engaged in duties which meet the test of exemption.

No member of the COLLECTIVE CLASS was or is an executive because they all fail to meet the requirements of being an "executive" under section 13 of the FLSA and 29 C.F.R. 541.100.

50.     For an employee to be exempt as a bona fide "administrator," all of the following criteria must be met and DEFENDANTS have the burden of proving that:

    (a)     The employee must perform office or non-manual work directly related to management or general business operation of the employer or the employer's customers;

    (b)     The employee must customarily and regularly exercise discretion and independent judgment with respect to matters of significance; and,

    (c)     The employee must regularly and directly assist a proprietor or an exempt administrator; or,

1       (d)    The employee must perform under only general supervision, work requiring special

2              training, experience, or knowledge; and,

3       (e)    The employee must be primarily engaged in duties which meet the test of exemption.

4 No member of the COLLECTIVE CLASS was or is an administrator because they all fail to meet

5 the requirements for being an "administrator" under section 13(a) of the FLSA and 29 C.F.R.

6 541.202. PLAINTIFF and the other members of the COLLECTIVE CLASS perform their primary,

7 day to day duties without the requisite amount of discretion and independent judgment needed to

8 qualify for the administrative exemption. Further, PLAINTIFF and the other members of the

9 COLLECTIVE CLASS were not paid on a salary basis of not less than $455 per week.

10      51.    During the COLLECTIVE CLASS PERIOD, the PLAINTIFF, and other

11 members of the COLLECTIVE CLASS, worked more than forty (40) hours in a work week and

12 were also required to perform duties that were primarily for the benefit of the employer during meal

13 periods.

14      52.    At all relevant times, DEFENDANTS failed to pay PLAINTIFF, and other members

15 of the COLLECTIVE CLASS overtime compensation for the hours they have worked in excess of

16 the maximum hours permissible by law as required by section 7 of the FLSA, even though

17 PLAINTIFF and the other members of the COLLECTIVE CLASS, were regularly required to work,

18 and did in fact work overtime hours.

19      53.    At all relevant times, DEFENDANTS failed to pay PLAINTIFF, and other members

20 of the COLLECTIVE CLASS, regular compensation for the hours they have worked, performing

21 duties primarily for the benefit of the employer during meal periods.

22      54.    For purposes of the Fair Labor Standards Act, the employment practices of

23 DEFENDANTS were and are uniform throughout California in all respects material to the claims

24 asserted in this Complaint.

25      55.    As a result of DEFENDANTS' failure to pay overtime compensation for hours

26 worked, as required by the FLSA, PLAINTIFF and the members of the COLLECTIVE CLASS were

27 damaged in an amount to be proved at trial.

28      56.    PLAINTIFF, therefore, demands that she and the members of the COLLECTIVE

1   CLASS be paid overtime compensation as required by the FLSA for every hour of overtime worked

2   in any work week for which they were not compensated, straight wages for every hour worked

3   primarily for the benefit of DEFENDANTS during meal breaks for which they were not

4   compensated, liquidated damages, plus interest and attorneys' fees as provided by law.

5

6                                   **SECOND CAUSE OF ACTION**

7                   **For Failure To Pay Earned Wages and Overtime Compensation**

8                      **[Cal. Lab. Code §§ 204, 210, 510, 1194, 1197 and 1198]**

9              **(By PLAINTIFF and the CALIFORNIA CLASS and Against all Defendants)**

10          57.     PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

11  incorporate by this reference, as though fully set forth herein, paragraphs 1 through 56 of this

12  Complaint.

13          58.     Cal. Lab. Code § 204 requires employers to pay employees for all hours worked as

14  follows: "all wages... ...earned by any person in any employment are due and payable twice during

15  each calendar month, on days designated in advance by the employer as the regular paydays." Cal.

16  Lab. Code § 510 further provides that employees in California shall not be employed more than

17  eight (8) hours in any workday or forty (40) hours in a workweek or on a seventh (7th) consecutive

18  workday of a workweek unless they receive additional compensation beyond their regular wages in

19  amounts specified by law.

20          59.     Cal. Lab. Code § 551 states that, "Every person employed in any occupation of labor

21  is entitled to one day's rest therefrom in seven."

22          60.     Cal. Lab. Code § 552 states that, "No employer of labor shall cause his employees to

23  work more than six days in seven."

24          61.     Cal. Lab. Code § 1194 states:

25          Notwithstanding any agreement to work for a lesser wage, any employee receiving

26          less than the legal minimum wage or the legal overtime compensation applicable to

27          the employee is entitled to recover in a civil action the unpaid balance of the full

28

1    amount of this minimum wage or overtime compensation, including interest thereon,

2    reasonable attorney's fees, and costs of suit.

3    62.    Cal. Lab. Code § 1198 provides:

4    The maximum hours of work and the standard conditions of labor fixed by the

5    commission shall be the maximum hours of work and the standard conditions of

6    labor for employees.  The employment of any employee for longer hours than those

7    fixed by the order or under conditions of labor prohibited by the order is unlawful.

8    63.    DEFENDANTS have intentionally and uniformly designated certain employees as

9    "exempt" from receiving wages for all hours worked and from receiving certain other rights, by

10    their job title and without regard to DEFENDANTS' realistic expectations, the requirements of the

11    job, and the method of payment made by DEFENDANTS, including PLAINTIFF and the other

12    members of the CALIFORNIA CLASS who worked on the production side of the DEFENDANTS'

13    business enterprise.  This was done in an illegal attempt to avoid payment of regular and overtime

14    wages and other benefits in violation of the Cal. Lab. Code and Industrial Welfare Commission

15    requirements.

16    64.    Pursuant to Wage Order 15-2001, only employees whose primary job duties meet the

17    test of exemption as a(n) "executive," "administrator," "professional," or as a "personal attendant"

18    may be exempt from the provisions of the Wage Order that require the payment of minimum wage

19    and overtime.  The primary job duties of the PLAINTIFF and the members of the CALIFORNIA

20    CLASS would not qualify these employees to meet any of these exemptions.

21    65.    For an employee to be exempt as a bona fide "executive," all the following criteria

22    must be met and DEFENDANTS have the burden of proving that:

23    (a)    The employee's primary duty must be management of the enterprise, or of a

24    customarily recognized department or subdivision; and,

25    (b)    The employee must customarily and regularly direct the work of at least two (2) or

26    more other employees; and,

27    (c)    The employee must have the authority to hire and fire, or to command particularly

28    serious attention to his or his recommendations on such actions affecting other

21

1  employees; and,

2      (d)    The employee must customarily and regularly exercise discretion and independent

3            judgment; and,

4      (e)    The employee must be primarily engaged in duties which meet the test of exemption.

5  No member of the CALIFORNIA CLASS was or is an executive because they all fail to meet the

6  requirements of being an "executive" within the meaning of Order No. 15-2001.

7      66.    For an employee to be exempt as a bona fide "administrator," all of the following

8  criteria must be met and DEFENDANTS have the burden of proving that:

9      (a)    The employee must perform office or non-manual work directly related to

10            management policies or general business operation of the employer; and,

11      (b)    The employee must customarily and regularly exercise discretion and independent

12            judgment; and,

13      (c)    The employee must regularly and directly assist a proprietor or an exempt

14            administrator; or,

15      (d)    The employee must perform, under only general supervision, work requiring special

16            training, experience, or knowledge, or,

17      (e)    The employee must execute special assignments and tasks under only general

18            supervision; and,

19      (f)    The employee must be primarily engaged in duties which meet the test of exemption.

20  No member of the CALIFORNIA CLASS was or is an administrator because they all fail to meet

21  the requirements for being an "administrator" under Order No. 15-2001.

22      67.    The Industrial Welfare Commission, ICW Wage Order 15-2001 also sets forth the

23  requirements which must be complied with to place an employee in the "professional" exempt

24  category. For an employee to be exempt as a bona fide professional, all the following criteria must

25  be met:

26      (a)    The employee must primarily perform work that is intellectual or creative and

27            that requires the exercise of discretion and independent judgment.

28      (b)    The employee must be licensed of certified by the state of California and is

1      primarily engaged in the practice of one of the following recognized

2      professions: law, medicine, dentistry, optometry, architecture, engineering,

3      teaching or accounting.

4   No member of the CALIFORNIA CLASS was or is a professional because they all fail to meet the

5   requirements for being an "professional" under Order No. 15-2001.

6      68.    PLAINTIFF, and other members of the CALIFORNIA CLASS, do not fit the

7   definition of an exempt executive, administrative, or professional employee because:

8      (a) These employees performed no managerial or

9      administrative (exempt) duties;

10     (b) Their work hours are spent performing non-exempt duties, including but not

11     limited to performing manual labor;

12     (c) They do not have the discretion or independent judgment, in that they must follow

13     exacting and comprehensive company-wide policies and procedures which dictate

14     every aspect of their work day;

15     (d) They do not have the authority to hire and/or fire other personnel; and,

16     (e) PLAINTIFF and the other members of the CALIFORNIA CLASS did not earn a

17     monthly salary equivalent to two (2) times the state minimum wage for full-time

18     employment.

19     69.    PLAINTIFF, and other members of the CALIFORNIA CLASS, are not personal

20   attendants within the meaning of the Wage Order because a significant amount of work, i.e. more

21   than 20% of their weekly time, is spent performing certain general housekeeping duties without the

22   assistance of the client. As shown by Exhibit 1, the PLAINTIFF and members of the CALIFORNIA

23   CLASS are required to, without the participation of the client: (a) cook breakfast, lunch and dinner;

24   (b) run errands, which includes grocery shopping and picking up prescriptions; (c) perform

25   homemaking, which includes laundry/washing/drying/folding; (d) clean the restroom, which

26   includes the toilet, sink, bathtub/shower, emptying of the trash, sweeping/mopping the floor; (e)

27   clean the kitchen, which includes cleaning the sink, washing the dishes, wiping the counter, wiping

28   the stove top, wiping the refrigerator, cleaning the inside of the microwave, loading the dishwasher,

1  emptying the dishwasher, sweep/mopping the floor, emptying the trash; (f) clean the living area,

2  which includes vacuuming, dusting, changing bed linens, wiping mirrors; and (g) pet care.

3       70.    During the class period, the PLAINTIFF, and other members of the CALIFORNIA

4  CLASS, worked more than eight (8) hours in a workday and/or forty (40) hours in a work week

5  and/or on the seventh (7th) consecutive day of a workweek.

6       71.    At all relevant times, DEFENDANTS failed to pay PLAINTIFF, and other members

7  of the CALIFORNIA CLASS, overtime compensation for the hours they worked in excess of the

8  maximum hours permissible by law as required by Cal. Lab. Code §§ 510 and 1198, *et seq*. and the

9  Wage Order, even though PLAINTIFF, and the other members of the CALIFORNIA CLASS,

10  worked regular hours at the private households of DEFENDANTS' clients, and did in fact work

11  overtime hours for DEFENDANTS.

12       72.    By virtue of DEFENDANTS' unlawful failure to pay additional compensation to the

13  PLAINTIFF, and the other members of the CALIFORNIA CLASS, for their overtime hours, the

14  PLAINTIFF, and the other members of the CALIFORNIA CLASS, have suffered, and will continue

15  to suffer, an economic injury in amounts which are presently unknown to them and which will be

16  ascertained according to proof at trial.

17       73.    DEFENDANTS knew or should have known that PLAINTIFF, and the other

18  members of the CALIFORNIA CLASS, were misclassified as exempt from wages and

19  DEFENDANTS systematically elected, either through intentional malfeasance or gross nonfeasance,

20  not to pay them for their labor as a matter of uniform corporate policy, practice and procedure.

21       74.    Therefore, PLAINTIFF, and the other members of the CALIFORNIA CLASS,

22  request recovery of regular and overtime compensation according to proof, interest, attorney's fees

23  and cost pursuant to Cal. Lab. Code § 1194(a), as well as the assessment of any statutory penalties

24  against DEFENDANTS, in a sum as provided by the Cal. Lab. Code and/or other statutes. Further,

25  PLAINTIFF, and the other members of the CALIFORNIA CLASS, are entitled to seek and recover

26  reasonable attorneys' fees and costs pursuant to Cal. Lab. Code §1194.

27       75.    In performing the acts and practices herein alleged in violation of labor laws and

28  refusing to provide the requisite overtime compensation, the DEFENDANTS acted and continue to

1   act intentionally, oppressively, and maliciously toward the PLAINTIFF, and toward the other

2   members of the CALIFORNIA CLASS, with a conscious and utter disregard of their legal rights, or

3   the consequences to them, and with the despicable intent of depriving them of their property and

4   legal rights and otherwise causing them injury in order to increase corporate profits at the expense of

5   PLAINTIFF and the members of the Class.

6

7   **THIRD CAUSE OF ACTION**

8   **For Failure to Pay Wages When Due**

9   **[ Cal. Lab. Code § 203]**

10   **(By PLAINTIFF and the CALIFORNIA CLASS and Against All DEFENDANTS)**

11       76.   PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

12   incorporate by reference, as though fully set forth herein, paragraphs 1 through 75 of this Complaint.

13       77.   Cal. Lab. Code § 200 provides that:

14       As used in this article:

15       (a) "Wages" includes all amounts for labor performed by employees of every

16       description, whether the amount is fixed or ascertained by the standard of time, task,

17       piece, commission basis, or other method of calculation.

18       (b) "Labor" includes labor, work, or service whether rendered or performed under

19       contract, subcontract, partnership, station plan, or other agreement if the labor to be

20       paid for is performed personally by the person demanding payment.

21       78.   Cal. Lab. Code § 202 provides, in relevant part, that:

22       If an employee not having a written contract for a definite period quits his or her

23       employment, his or her wages shall become due and payable not later than 72 hours

24       thereafter, unless the employee has given 72 hours previous notice of his or her

25       intention to quit, in which case the employee is entitled to his or her wages at the

26       time of quitting. Notwithstanding any other provision of law, an employee who quits

27       without providing a 72-hour notice shall be entitled to receive payment by mail if he

28       or she so requests and designates a mailing address. The date of the mailing shall

25
COMPLAINT

1    constitute the date of payment for purposes of the requirement to provide payment

2    within 72 hours of the notice of quitting.

3    79.    Cal. Lab. Code § 203 provides:

4    If an employer willfully fails to pay, without abatement or reduction, in accordance

5    with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is

6    discharged or who quits, the wages of the employee shall continue as a penalty from

7    the due date thereof at the same rate until paid or until an action therefor is

8    commenced; but the wages shall not continue for more than 30 days.

9    80.    Many of the CALIFORNIA CLASS members have terminated their employment and

10    DEFENDANTS have not tendered payment of wages owed.

11    81.    Therefore, as provided by Cal lab. Code § 203, on behalf of herself and the

12    members of the CALIFORNIA CLASS, PLAINTIFF demands thirty days of pay as penalty for not

13    paying all wages due at time of termination for all employees who terminated employment during

14    the CALIFORNIA CLASS PERIOD and demands an accounting and payment of all wages due,

15    plus interest.

16

17    **FOURTH CAUSE OF ACTION**

18    **For Failure to Provide Accurate Itemized Statements**

19    **[Cal. Lab. Code § 226]**

20    **(By PLAINTIFF and the CALIFORNIA CLASS and against All DEFENDANTS)**

21    82.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

22    incorporate by this reference, as though fully set forth herein, paragraphs 1 through 81 of this

23    Complaint.

24    83.    Cal. Labor Code § 226 provides that an employer must furnish employees with an

25    "accurate itemized statement in writing showing:

26    (1) gross wages earned,

27    (2) total hours worked by the employee, except for any employee whose compensation is

28    solely based on a salary and who is exempt from payment of overtime under subdivision (a)

26

COMPLAINT

of Section 515 or any applicable order of the Industrial Welfare Commission,

(3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

(5) net wages earned,

(6) the inclusive dates of the period for which the employee is paid,

(7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

(8) the name and address of the legal entity that is the employer, and

(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

84.    At all times relevant herein, DEFENDANTS violated Labor Code § 226, in that DEFENDANTS failed to properly and accurately itemize the number of hours worked by PLAINTIFF, and the other members of the CALIFORNIA CLASS at the effective regular rates of pay and the effective overtime rates of pay.

85.    Both the Wage Order at Section 7 and California Code of Regulations § 11150(7) further require that every employer to do the following:

Every employer shall keep accurate information with respect to each employee including the following:

(1) Full name, home address, occupation and social security number.

(2) Birth date, if under 18 years, and designation as a minor.

(3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals and total daily hours worked shall also be recorded. Meal periods during which operations cease and authorized rest periods need not be recorded.

(4) Total wages paid each payroll period, including value of board, lodging, or other

27

COMPLAINT

1    compensation actually furnished to the employee.

2    (5) Total hours worked in the payroll period and applicable rates of pay. This information

3    shall be made readily available to the employee upon reasonable request.

4    (6) When a piece rate or incentive plan is in operation, piece rates or an explanation of the

5    incentive plan formula shall be provided to employees. An accurate production record shall

6    be maintained by the employer.

7    86.    At all times relevant herein, DEFENDANTS violated Section 7 of the Wage Order

8    and California Code of Regulations § 11150(7) in that DEFENDANTS failed to properly and

9    accurately maintain information of the PLAINTIFF and other members of the CALIFORNIA

10    CLASS, consisting of time records showing when the employee begins and ends each work period

11    and the total hours worked in the payroll period with applicable rates of pay.  Further,

12    DEFENDANTS failed to make such information available to employees.

13    87.    DEFENDANTS knowingly and intentionally failed to comply with Labor Code §§

14    226, Section 7 of the Wage Order, and California Code of Regulations § 11150(7), causing

15    economic injury to PLAINTIFF, and the other members of the CALIFORNIA CLASS.  These

16    damages include, but are not limited to, costs expended calculating the true hours worked and the

17    amount of employment taxes which were not properly paid to state and federal tax authorities.

18    These damages are difficult to estimate.  Therefore, PLAINTIFF, and the other members of the

19    CLASS are entitled to recover liquidated damages of $50.00 for the initial pay period in which the

20    violation occurred, and $100.00 for each violation in subsequent pay period pursuant to Labor Code

21    § 226, in an amount according to proof at the time of trial (but in no event more than $4,000.00 for

22    PLAINTIFF and each respective member of the CALIFORNIA CLASS herein)  plus reasonable

23    attorney's fees and costs pursuant to Labor Code § 226(g).

24

25

26

27    **FIFTH CAUSE OF ACTION**

28    **For Failure to Provide Meal and/or Rest Periods**

28

COMPLAINT

**[Cal. Lab. Code §§ 226.7 and 512]**

**(By PLAINTIFF and the CALIFORNIA CLASS and against All DEFENDANTS)**

88.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 87 of this Complaint.

89.    Cal. Lab. Code § 512 provides, in relevant part: "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

90.    Section 11 of the Order 15-2001 of the Industrial Wage Commission (the "Wage Order") provides, in relevant part:

Meal Periods:

    (A)    No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee.

    (B)    An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

    (C)    Unless the employee is relieved of all duty during a 30 minute meal period,

29

1    the meal period shall be considered an "on duty" meal period and counted as

2    time worked. An "on duty" meal period shall be permitted only when the

3    nature of the work prevents an employee from being relieved of all duty and

4    when by written agreement between the parties an on-the-job paid meal

5    period is agreed to. The written agreement shall state that the employee may,

6    in writing, revoke the agreement at any time.

7    (D)    If an employer fails to provide an employee a meal period in accordance with

8    the applicable provisions of this order, the employer shall pay the employee

9    one (1) hour of pay at the employee's regular rate of compensation for each

10    workday that the meal period is not provided.

11    91.    Section 12 of Order 15-2001 of the Industrial Wage Commission (the "Wage

12    Order") provides, in relevant part:

13    Rest Periods:

14    (A)    Every employer shall authorize and permit all employees to take rest periods,

15    which insofar as practicable shall be in the middle of each work period. The

16    authorized rest period time shall be based on the total hours worked daily at

17    the rate of ten (10) minutes net rest time per four (4) hours or major fraction

18    thereof. However, a rest period need not be authorized for employees whose

19    total daily work time is less than three and one-half (3 1/2) hours. Authorized

20    rest period time shall be counted as hours worked for which there shall be no

21    deduction from wages.

22    (B)    If an employer fails to provide an employee a rest period in accordance with

23    the applicable provisions of this Order, the employer shall pay the employee

24    one (1) hour of pay at the employee's regular rate of compensation for each

25    work day that the rest period is not provided.

26    92.    Cal. Lab. Code § 226.7 provides:

27    (a) No employer shall require any employee to work during any meal or rest period

28    mandated by an applicable order of the Industrial Welfare Commission.

30

COMPLAINT

1    (b) If an employer fails to provide an employee a meal period or rest period in

2    accordance with an applicable order of the Industrial Welfare Commission, the

3    employer shall pay the employee one additional hour of pay at the employee's regular

4    rate of compensation for each work day that the meal or rest period is not provided.

5    93.    DEFENDANTS have intentionally and improperly failed to provide all rest and/or

6    meal periods without any work or duties to PLAINTIFF and the other members of the

7    CALIFORNIA CLASS who worked more than three and one half hours (3 ½) per day, and by

8    failing to do so DEFENDANTS violated the provisions of Labor Code 226.7.

9    94.    Therefore, PLAINTIFF demands on behalf of herself and the members of the

10   CALIFORNIA CLASS, one (1) hour of pay for each workday in which a rest period was not

11   provided for each four (4) hours of work during the period commencing on the date that is within

12   four years prior to the filing of this Complaint and one (1) hour of pay for each five (5) hours of

13   work in which a meal period was not provided.

14

15                          **SIXTH CAUSE OF ACTION**

16            **For Unlawful, Unfair and Deceptive Business Practices**

17                   **[Cal. Bus. And Prof. Code § 17200 *et seq.*]**

18            **(By PLAINTIFF and the CLASS and against All DEFENDANTS)**

19   95.    PLAINTIFF, and the other members of the CLASS, reallege and

20   incorporate by this reference, as though fully set forth herein, paragraphs 1 through 94 of this

21   Complaint.

22   96.    DEFENDANTS are "persons" as that term is defined under California Business &

23   Professions Code § 17021.

24   97.    California Business & Professions Code § 17200 defines unfair competition as any

25   unlawful, unfair, or fraudulent business act or practice.

26   98.    By the conduct alleged hereinabove in the First through Fifth Claims for Relief,

27   DEFENDANTS have violated the provisions of the Wage Orders, the Fair Labor Standards Act, 29

28   USC § 201, the REGULATIONS, the California Labor Code, the Code of Federal Regulations and

1    the California Code of Regulations, *et seq.*, for which this Court should issue equitable and

2    injunctive relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages

3    wrongfully withheld or labor taken without proper compensation.

4        99.    By and through the unfair and unlawful business practices described hereinabove,

5    DEFENDANTS have obtained valuable property, money, and services from the PLAINTIFF, and

6    the other members of the CLASS, and has deprived them of valuable rights and benefits guaranteed

7    by law, all to their detriment and to the benefit of DEFENDANTS so as to allow DEFENDANTS to

8    unfairly compete.

9        100.   All the acts described herein as violations of, among other things, the Cal. Lab. Code,

10   California Code of Regulations, and the Industrial Welfare Commission Wage Orders, are unlawful

11   and in violation of public policy, are immoral, unethical, oppressive, and unscrupulous, and thereby

12   constitute unfair and unlawful business practices in violation of Cal. Bus. and Prof. Code § 17200 *et*

13   *seq.*

14       101.   PLAINTIFF, and the other members of the CLASS, are further entitled to, and do,

15   seek a declaration that the above described business practices are unfair and unlawful and that an

16   injunctive relief should be issued restraining DEFENDANTS from engaging in any of these unfair

17   and unlawful business practices in the future.

18       102.   PLAINTIFF, and the other members of the CLASS, have no plain, speedy, and/or

19   adequate remedy at law that will end the unfair and unlawful business practices of DEFENDANTS.

20   Further, the practices herein alleged presently continue to occur unabated.  As a result of the unfair

21   and unlawful business practices described above, PLAINTIFF, and the other members of the

22   CLASS, have suffered and will continue to suffer irreparable harm unless DEFENDANTS are

23   restrained from continuing to engage in these unfair and unlawful business practices.  In addition,

24   DEFENDANTS should be required to disgorge the unpaid moneys to PLAINTIFF, and the other

25   members of the CLASS.

26

27                                    **PRAYER**

28       WHEREFOR, PLAINTIFF prays for judgment against each Defendant, jointly and severally,

as follows:

A)    Compensatory damages, according to proof at trial due PLAINTIFF and the other members of the COLLECTIVE CLASS and CALIFORNIA CLASS, during the applicable COLLECTIVE CLASS PERIOD and CALIFORNIA CLASS PERIOD plus interest thereon at the statutory rate;

B)    Restitution, according to proof at trial, due PLAINTIFF and the other members of the CALIFORNIA CLASS, during the applicable CALIFORNIA CLASS PERIOD plus interest thereon at the statutory rate;

C)    One (1) hour of pay for each workday in which a meal period was not provided to PLAINTIFF and each member of the CALIFORNIA CLASS for each four (4) hours of work during the period commencing on the date that is within four years prior to the filing of this Complaint;

D)    An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANTS from engaging in similar unlawful conduct as set forth herein;

E)    An order requiring DEFENDANTS to provide an accounting of all hours worked, all wages, and all sums unlawfully withheld from compensation due to PLAINTIFF and the other members of the COLLECTIVE and CALIFORNIA CLASSES;

F)    Imposition of a constructive trust upon the assets of the DEFENDANTS to the extent of the sums due to PLAINTIFF and to the other members of the COLLECTIVE and CALIFORNIA CLASSES;

G)    An award of interest, including prejudgment interest at the legal rate;

H)    An award of liquidated damages, statutory damages, including reasonable attorneys' fees and cost of suit, but only to the extent that such reasonable attorneys' fees and costs are recoverable pursuant to Cal. Lab. Code §1194 or the FLSA at 29 U.S.C. §216.  Neither this prayer nor any other allegation or prayer in this Complaint is to be construed as a request, under any circumstance, that would result in a request for attorneys' fees or costs available under Cal. Lab. Code § 218.5;

I)    For liquidated damages pursuant to 29 U.S.C. § 216(b); and,

1    K)    Such other and further relief as the Court deems just and proper.

2

Dated:   July 31, 2008                        BLUMENTHAL & NORDREHAUG

3

4                                              By:
                                                    Norman B. Blumenthal
                                                    Attorneys for Plaintiff

5

6                                              UNITED EMPLOYEES LAW GROUP
                                               Walter Haines, Esq.
7                                              65 Pine Ave, #312
                                               Long Beach, CA 90802
8                                              Telephone: (562) 256-1047
                                               Facsimile: (562) 256-1006

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2                              **DEMAND FOR JURY TRIAL**

3              Plaintiff demands a jury trial on issues triable to a jury.

4

5    Dated:   July 31, 2008                    BLUMENTHAL & NORDREHAUG

6                                              By:
                                                      Norman B. Blumenthal
7                                                     Attorneys for Plaintiff

8
                                               UNITED EMPLOYEES LAW GROUP
9                                              Walter Haines, Esq.
                                               65 Pine Ave, #312
10                                             Long Beach, CA 90802
                                               Telephone: (562) 256-1047
11                                             Facsimile: (562) 256-1006

12

13

14

15

16

17

18
     G:\D\NBB\Pittard v. Salus\p-Complaint-FINAL.wpd
19

20

21

22

23

24

25

26

27

28

ORIGINAL

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

ANGELA PITTARD, on behalf of herself, and on behalf of all persons similarly situated,

## DEFENDANTS

ORANGE COUNTY HOMECARE, a California limited liability corporation, doing business as SALUS HOMECARE and SALUS HEALTHCARE, and Does

**(b)** County of Residence of First Listed Plaintiff     Los Angeles
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

FILED

2008 AUG 1    AM 9: 48

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY       YNH       DEPUTY

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
BLUMENTHAL & NORDREHAUG, 2255 Calle Clara, La Jolla, California 92037

Attorneys (If Known)

'08 CV 1398 J WMc

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | | Appeal to District Judge from Magistrate Judgment |
|---|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 | |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):   29 USC 201, et seq

Brief description of cause:   Class Action Complaint for Unpaid Overtime

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):     JUDGE                DOCKET NUMBER

DATE   7/25/08

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #  153537    AMOUNT  $350    APPLYING IFP    JUDGE    MAG. JUDGE

JAC  8/1/08

CA

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 153537    — TC**

**August 01. 2008
09:49:17**

**Civ Fil Non-Pris**
USAO #.: 08CV1398
Judge..: NAPOLEON A JONES, JR
Amount.:                    $350.00 CK
Check#.: BC11405

**Total—>   $350.00**

FROM: ANGELA PITTARD
        VS
      ORANGE COUNTY HOMECARE