**BLUMENTHAL & NORDREHAUG**
 Norman B. Blumenthal (State Bar #068687)
 Kyle R. Nordrehaug (State Bar #205975)
 Aparajit Bhowmik (State Bar #248066)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232

**UNITED EMPLOYEES LAW GROUP**
 Walter Haines (State Bar #71705)
65 Pine Ave, #312
Long Beach, CA 90802
Telephone: (562) 256-1047
Facsimile: (562) 256-1006

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA PITTARD, on behalf of herself, and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ORANGE COUNTY HOMECARE, a California limited liability corporation, doing business as SALUS HOMECARE and SALUS HEALTHCARE; and, Does 1 to 10,<br><br>Defendants. | CASE No. 08 CV 1398 J (WMc)<br><br>**FIRST AMENDED** CLASS AND COLLECTIVE ACTION COMPLAINT FOR:<br><br>1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE § 17200, *et seq.*<br><br>2. FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE §§ 510, *et seq.*;<br><br>3. FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE § 203;<br><br>4. FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;<br><br>5. FAILURE TO PROVIDE MEAL AND REST PERIODS IN VIOLATION OF CAL. LAB. CODE § 226.7 AND 512;<br><br>6. FAILURE TO PAY COMPENSATION IN VIOLATION OF 29 U.S.C. § 201, *et seq.*;<br><br>DEMAND FOR A JURY TRIAL |

1

1    Plaintiff Angela Pittard alleges on information and belief, except for her own acts and
2    knowledge, the following:

3                                    **THE PARTIES**

4    1.    Defendant ORANGE COUNTY HOMECARE, also doing business as SALUS
5    HOMECARE and SALUS HEALTHCARE (hereinafter referred to as "SALUS" or
6    "DEFENDANTS"), is a California limited liability corporation with offices in Los Angeles, Orange
7    County, and San Diego.

8    2.    SALUS conducted and continues to conduct substantial and regular  business
9    throughout California.  DEFENDANT is an enterprise that affects commerce by engaging in the
10   enterprise of employment of persons in domestic service in households and by regularly and
11   recurrently receiving or transmitting interstate communications.

12   3.    SALUS is a non-medical service company that provides general housekeeping
13   assistance to senior citizens to facilitate the activities of daily living.  The services provided by
14   SALUS encompass the comprehensive assistance to the client, effectually managing all aspects of
15   the client's daily living needs.  These services are provided by the "Caregivers" who are employed
16   by SALUS.  SALUS is able to deliver a Caregiver to the home of a client and have a case manager
17   assigned to the client within 24 hours.

18   4.    The typical services that are provided by the Caregivers to the clients are cooking and
19   serving meals, performance of  errands, home maintenance, housekeeping, mail organization,
20   transportation, making appointments for the client, pet care, home deliveries, laundry, bathing,
21   showering, grooming, dressing, toileting, exercising, physical therapy, ambulation, and medication
22   reminders.  As a result, the Caregivers essentially take care of every domestic need of the client.

23   5.    Plaintiff Angela Pittard ("PLAINTIFF") was employed by SALUS between July of
24   2006 and March of 2008 in the state of California in the position of "Caregiver."

25   6.    On a weekly basis, substantially more than twenty percent (20%) of the time of
26   PLAINTIFF was spent performing general housekeeping duties as a domestic servant, separate from
27   assisting the client as a personal attendant and without the assistance of the client.  As shown by
28   Exhibit 1, attached hereto and incorporated by this reference herein, the PLAINTIFF was required

2

FIRST AMENDED COMPLAINT

1  to, without the participation of the client: (a) cook breakfast, lunch and dinner; (b) run errands,

2  which includes grocery shopping and picking up prescriptions; (c) perform homemaking, which

3  includes laundry/washing/drying/folding; (d) clean the restroom, which includes the toilet, sink,

4  bathtub/shower, emptying of the trash, and sweeping/mopping the floor; (e) clean the kitchen, which

5  includes cleaning the sink, washing the dishes, wiping the counter, wiping the stove top, wiping the

6  refrigerator, cleaning the inside of the microwave, loading the dishwasher, emptying the dishwasher,

7  sweep/mopping the floor, and emptying the trash; (f) clean the living area, which includes

8  vacuuming, dusting, changing bed linens, and wiping mirrors; and (g) pet care.

9      7.    PLAINTIFF performed this grueling manual labor without the assistance of the

10  client, without taking meal or rest breaks, and pursuant to a schedule that mandated this manual

11  labor to be performed twelve (12) hours per day, six (6) days per week, at the rate of $10-$12 per

12  hour.  Although PLAINTIFF does not know exactly why her rate of pay varies between $10-$12 per

13  hour, this rate does not fluctuate based on the overtime work she performed.  Although she worked

14  more than eight (8) in one day, and more than forty (40) in one week, SALUS did not pay

15  PLAINTIFF premium pay for these overtime hours worked because SALUS had initially classified

16  her as exempt based on job title alone.  PLAINTIFF'S performance of general housekeeping

17  services was on a weekly basis comprised of more than twenty percent (20%) of her time worked,

18  thus rendering her ineligible for exemption from overtime under the California Wage Order or the

19  Fair Labor Standards Act.  In order to avoid determining the actual amount of time PLAINTIFF

20  performed general housekeeping services, SALUS did not allow PLAINTIFF to indicate the actual

21  amount of time she spent performing each task listed on Exhibit #1.  Instead, SALUS ordered that

22  only a mark be placed in the box for each service performed.  As a result, SALUS did not actually

23  analyze the services performed by PLAINTIFF to ensure that the classification of PLAINTIFF as

24  exempt was, in fact, properly based on the amount of general housekeeping services that she

25  actually performed.

26      8.    The Defendants named in this Complaint, and as Does 1 through 10, inclusive,

27  are, and at all times mentioned herein were, the agents, servants, and/or employees of each of the

28  other Defendant and each Defendant was acting within the course of scope of his, her or its authority

1  as the agent, servant and/or employee of each of the other Defendant.  Consequently, all the

2  Defendants named herein (the "DEFENDANTS") are jointly and severally liable to the PLAINTIFF

3  and the other members of the CALIFORNIA CLASS, for the losses sustained as a proximate result

4  of DEFENDANTS' conduct as herein alleged.

5

6                                              **THE CONDUCT**

7          9.        PLAINTIFF and the other Caregivers were and are employed as working members

8  on the production side of DEFENDANTS' business.  The primary job duties of PLAINTIFF and

9  other Caregivers were and are to perform, by manual labor, general housekeeping duties without the

10  assistance of the client.  As a result, PLAINTIFF and the other Caregivers were not and currently are

11  not primarily involved in providing companionship services.  Instead, PLAINTIFF and the other

12  Caregivers were and currently are primarily involved in providing day to day, routine, and general,

13  domestic household work.  This work was and still is executed primarily by the performance of

14  manual labor within a defined skill set, involving meal preparation, bed making, washing of clothes,

15  and other general housekeeping services as outlined in Exhibit #1.  Physical demands of the position

16  include standing, sitting, walking, bending, lifting, scrubbing, gardening, moving furniture, and

17  intensive cleaning.

18          10.        As a Caregiver on the production side of the DEFENDANTS' business, PLAINTIFF

19  and the other members of the CALIFORNIA CLASS worked a substantial amount of overtime

20  hours working twelve (12) hour shifts, six (6) days per week.  Nevertheless, PLAINTIFF and the

21  other members of the CALIFORNIA CLASS were never fully paid the overtime compensation to

22  which they were entitled because DEFENDANTS denied PLAINTIFF and the other members of the

23  CALIFORNIA CLASS  overtime wages by uniformly classifying all of them as exempt based solely

24  on job title alone.  This classification was made based on job title alone, rather than on the services

25  performed by PLAINTIFF and the other members of the CALIFORNIA CLASS, because SALUS

26  had in place and still has in place a policy and procedure that fails to determine whether the general

27  housekeeping services that are performed by the Caregivers exceed 20% of the overall work

28  performed.  As shown by Exhibit #1, attached hereto, DEFENDANTS instructed PLAINTIFF and

4

1  the other members of the CALIFORNIA CLASS not to record the amount of time spent performing

2  all services during the day and only to designate the work performed with a mark.  SALUS,

3  therefore, through a systematic procedure of willful blindness, failed and still fails to properly

4  determine the actual ratio of time spent performing companionship services, as compared to general

5  housekeeping services.   As a result, the classification of PLAINTIFF and each and every member of

6  the CALIFORNIA CLASS as exempt is based on job title alone and not on the actual services that

7  were provided by the PLAINTIFF and the members of the CALIFORNIA CLASS after being hired

8  and placed into a particular household.  Thereafter, no reevaluation or reclassification analysis

9  regarding the propriety of the exempt status was performed by SALUS for PLAINTIFF or for any

10 other member of the CALIFORNIA CLASS because the company's business model was and still is

11 to classify all Caregivers as exempt based on job title alone and not on actual work performed.  As a

12 result, PLAINTIFF and the members of the CALIFORNIA CLASS were not fully compensated for

13 hours of overtime work as required by law in excess of eight (8) hours a day, forty (40) hours a

14 week, or for hours worked on the seventh (7th) consecutive day of a workweek.

15     11.    Plaintiff Angela Pittard ("PLAINTIFF") brings this class action on behalf of

16 herself and a California class consisting of all individuals who are or previously were employed by

17 Defendant SALUS (hereinafter referred to as "DEFENDANTS") in a staff position as a Caregiver,

18 or in any other similarly situated position (the "Caregivers") (the "CALIFORNIA CLASS" or

19 "CLASS") during the Class Period.  The class period applicable to this CALIFORNIA CLASS is

20 defined as the period beginning four years prior to the filing of this Complaint and ending on the

21 date of as determined by the Court (the "CLASS PERIOD").  As a matter of company policy and

22 practice,  DEFENDANTS have unlawfully, unfairly and deceptively classified every Caregiver as

23 exempt based on job title alone, failed to pay the required overtime compensation and otherwise

24 failed to comply with all labor laws with respect to these Caregivers.

25     12.    Individuals in these Caregiver positions are and were employees who are entitled to

26 regular, and overtime compensation and prompt payment of amounts that the employer owes an

27 employee when the employee quits or is terminated, and other compensation and working

28 conditions that are prescribed by law.   Although DEFENDANTS require their employees employed

1   as Caregivers, and other similarly situated positions, to work more than forty (40) hours a week,

2   eight (8) hours in a workday, and /or on the seventh (7th) day of a workweek, as a matter of company

3   policy and practice, DEFENDANTS consistently and uniformly failed and still fail to implement a

4   practice and procedure that accurately determines whether the correct overtime compensation is paid

5   to these Caregivers as the law requires.  The PLAINTIFF and known members of the CALIFORNIA

6   CLASS currently work or previously worked in California at times during the CLASS PERIOD for

7   DEFENDANTS and DEFENDANTS' practices and procedures are and were common throughout

8   California at all times during the CLASS PERIOD.

9        13.    In this action, PLAINTIFF, on behalf of herself and the CALIFORNIA CLASS,

10  seeks to recover all the compensation that DEFENDANTS were required by law to provide, but

11  failed to provide, to PLAINTIFF and all other CALIFORNIA CLASS members.  PLAINTIFF also

12  seeks penalties and all other relief available to her and other similarly situated employees under

13  California law.  PLAINTIFF also seeks declaratory relief finding that the employment practices and

14  policies of the DEFENDANTS violate California law and injunctive relief to enjoin the

15  DEFENDANT from continuing to engage in such employment practices.

16       14.    PLAINTIFF and all members of the CALIFORNIA CLASS are and were uniformly

17  classified and treated by DEFENDANT as exempt at the time of hire and thereafter,

18  DEFENDANTS failed to take the proper steps to determine whether PLAINTIFF, and the other

19  members of the similarly-situated CALIFORNIA CLASS, were properly classified under Industrial

20  Welfare Commission Wage Order 15-2001 and Cal. Lab. Code §§ 510 *et seq*. and Section 13(a)(5)

21  of the Fair Labor Standards Act (the "FLSA") as exempt from applicable federal and state labor

22  laws.  Under both the FLSA  and California Labor Law, these employees may only be classified as

23  exempt  if the combined general housekeeping duties performed by the Caregiver do not exceed

24  20% of the weekly working time spent by the Caregiver.  Since DEFENDANTS affirmatively and

25  wilfully failed to determine whether exempting PLAINTIFF and the members of the CALIFORNIA

26  CLASS complied with either the FLSA or the California Labor Laws, DEFENDANTS' practices

27  violated and continue to violate the law.  As a result of this policy and practice, DEFENDANTS

28  failed and still fail to pay overtime in accordance with applicable law.

15.     By reason of this uniform conduct applicable to PLAINTIFF and all CALIFORNIA CLASS members, DEFENDANTS committed acts of unfair competition in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 (the "UCL"), by engaging in a company-wide policy and procedure which failed to correctly determine whether the PLAINTIFF and the CALIFORNIA CLASS of similarly situated Caregivers were properly classified as exempt.  The proper classification of these employees is the DEFENDANTS' burden under both the FLSA and the California Labor Code.  As a result of DEFENDANTS' willful disregard of the obligation to meet this burden, DEFENDANTS failed to properly calculate and/or pay all required overtime compensation for work performed by the members of the CALIFORNIA CLASS and violated the FLSA and the California Labor Code and regulations promulgated thereunder as herein alleged.

16.     PLAINTIFF and the members of the CALIFORNIA CLASS have no plain, speedy or adequate remedy at law and will suffer irreparable injury if DEFENDANTS are permitted to continue to engage in the unlawful acts and practices herein alleged.  The illegal conduct alleged herein is continuing and to prevent future injury and losses, and to avoid a multiplicity of lawsuits, PLAINTIFF is entitled to an injunction and other equitable relief, on behalf of herself and the CLASS, to prevent and enjoin such practices.  PLAINTIFF therefore requests a preliminary and/or permanent injunction as the DEFENDANTS provides no indication that DEFENDANTS will not continue such wrongful activity in the future, along with restitution, penalties, interest, compensation and other equitable relief as provided by law.

## **THE CALIFORNIA CLASS**

17.     Plaintiff Angela Pittard ("PLAINTIFF") brings this class action on behalf of herself and all individuals who are or previously were employed by DEFENDANT as Caregivers and other similarly situated positions in California during the period four years prior to the filing of this Complaint and ending on the date as determined by the Court ("CALIFORNIA CLASS PERIOD" or "CLASS PERIOD"), who were classified by Defendant as exempt, and who have been or may be subject to the challenged exemption classification policies and practices used by

1   Defendant (the "CALIFORNIA CLASS").  To the extent equitable tolling operates to toll claims by

2   the CALIFORNIA CLASS against DEFENDANTS, the CLASS PERIOD should be adjusted

3   accordingly.

4          18.     DEFENDANTS, as a matter of corporate policy, practice and procedure, and in

5   violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order

6   Requirements, and the applicable provisions of California law, intentionally, knowingly, and

7   wilfully, engaged in a practice whereby DEFENDANT unfairly, unlawfully, and deceptively failed

8   to institute a practice to ensure that the employees employed in a position as a Caregiver properly

9   were classified as exempt from the requirements of California Labor Code §§ 510, *et seq.*

10         19.     DEFENDANTS have the burden of proof that each and every employee is properly

11  classified as exempt from the requirements of the Cal. Lab. Code §§ 510, *et seq.*  The

12  DEFENDANTS, however, as a matter of uniform and systematic policy and procedure failed to

13  have in place during the CALIFORNIA CLASS PERIOD and still fail to have in place a policy or

14  practice to make any individual determination of exemption for any California Class Members so as

15  to satisfy their burden.  Rather, the DEFENDANTS' uniform policy and practice in place at all

16  times during the CALIFORNIA CLASS PERIOD and currently in place is to systematically classify

17  each and every California Class Member as exempt from the requirements of the California Labor

18  Code §§ 510, *et seq.*, based on job title alone.  This common business practice applicable to each

19  and every California Class Member can be adjudicated on a classwide basis as unlawful, unfair,

20  and/or deceptive under the UCL as causation, damages, and reliance are not elements of this claim.

21         20.     At no time before, during or after the PLAINTIFF'S employment with

22  SALUS was any Caregiver reclassified as non-exempt from the applicable requirements of

23  California Labor Code §§ 510, *et seq.* after each California Class Member was initially, uniformly,

24  and systematically classified as exempt upon being hired.

25         21.     Any individual declarations of any California Class Members offered at this time

26  purporting to indicate that one or more Caregivers may have been properly classified is of no force

27  or affect absent evidence that DEFENDANTS had a uniform system in place to satisfy

28  DEFENDANTS' burden that DEFENDANTS, at all times had in effect a policy and practice to

8

FIRST AMENDED COMPLAINT

1  determine whether the California Class Members were being properly classified as exempt pursuant

2  to Cal. Lab. Code §§ 510, *et seq*.  Absent proof of such a system, DEFENDANTS' business practice

3  is uniformly unlawful, unfair and/or deceptive under the UCL and may be so adjudicated on a

4  classwide basis.  As a result of the UCL violations, the PLAINTIFF and the California Class

5  Members are entitled to have this unfair business practice enjoined and to cause DEFENDANTS to

6  disgorge their ill-gotten gains into a fluid fund and to restitute these funds to the PLAINTIFF and

7  the California Class Members according to proof.

8       22.     The CALIFORNIA CLASS, numbering more than 100 members, is so numerous

9  that joinder of all Caregivers is impracticable.

10      23.     DEFENDANTS uniformly violated the rights of the CALIFORNIA CLASS

11  under California law by:

12           (a)     Violating the California Unfair Competition Laws, Cal. Bus. & Prof. Code §

13                   17200, *et seq.*, by unlawfully, unfairly and/or deceptively having in place

14                   company policies, practices and procedures that uniformly classified

15                   PLAINTIFF and the members of the CALIFORNIA CLASS as exempt based

16                   on job title alone;

17           (b)     Committing an act of unfair competition in violation of the California Unfair

18                   Competition Laws, Cal. Bus. & Prof. Code § 17200 *et seq.*, by unlawfully,

19                   unfairly, and/or deceptively having in place a company policy, practice and

20                   procedure that failed to accurately catalogue, inventory, list or otherwise

21                   determine whether the general housekeeping services performed by

22                   PLAINTIFF and the members of the CALIFORNIA CLASS exceeded 20%

23                   of the overall weekly work performed;

24           (c)     Committing an act of unfair competition in violation of the California Unfair

25                   Competition Laws, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, by  having in

26                   place a company policy, practice and procedure that failed to reclassify as

27                   non-exempt members of the CALIFORNIA CLASS whose general

28                   housekeeping services exceeded 20% of the overall weekly work performed;

FIRST AMENDED COMPLAINT

(d)    Violating Cal. Lab. Code §§510, *et seq*. by failing to pay the correct overtime pay to PLAINTIFF and the members of the CALIFORNIA CLASS who were improperly classified as exempt;

(e)    Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide PLAINTIFF and the members of the CALIFORNIA CLASS who were improperly classified as exempt with meal and rest periods;

(f)    Violating Cal. Lab. Code § 226 by failing to provide PLAINTIFF and the members of the CALIFORNIA CLASS who were improperly classified as exempt with an accurate itemized statement in writing showing the gross wages earned, the net wages earned, all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee; and,

(f)    Violating Cal. Lab. Code § 203 by failing to provide restitution of wages owed to PLAINTIFF and the members of the CALIFORNIA CLASS who were improperly classified as exempt and who have terminated their employment.

24.    This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Fed. R. Civ. Proc. 23(b)(2) and/or (3) in that:

(a)    The persons who comprise the CALIFORNIA CLASS exceed 100 persons and are therefore so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA CLASS will apply uniformly to every member of the CALIFORNIA CLASS;

(c)    The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA CLASS.   PLAINTIFF, like all other members of the CALIFORNIA CLASS, was initially classified as exempt upon hiring

10

1    based on job title alone and labored under DEFENDANTS' systematic

2    procedure that failed to analyze the job functions actually performed in order

3    to determine whether the classification was properly made.  PLAINTIFF

4    sustained economic injury as a result of DEFENDANTS' employment

5    practices.  PLAINTIFF and the members of the CALIFORNIA CLASS were

6    and are similarly or identically harmed by the same unlawful, deceptive,

7    unfair and pervasive pattern of misconduct engaged in by the DEFENDANT

8    by (1) compelling all Caregivers to fill out a timesheet that is not designed to

9    record the percentages of time spent performing general housekeeping work,

10   (2) deceptively advising all Caregivers that they were exempt from overtime

11   wages, and, (3) unfairly failing to pay overtime to employees who were

12   improperly classified as exempt.

13   (d)    The representative PLAINTIFF will fairly and adequately represent and

14   protect the interest of the CALIFORNIA CLASS, and has retained counsel

15   who are competent and experienced in Class Action litigation.  There are no

16   material conflicts between the claims of the representative PLAINTIFF and

17   the members of the CALIFORNIA CLASS that would make class

18   certification inappropriate.  Counsel for the CALIFORNIA CLASS will

19   vigorously assert the claims of all Class Members.

20   25.    In addition to meeting the statutory prerequisites to a Class Action, this action

21   is properly maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

22   (a)    Without class certification and determination of declaratory, injunctive,

23   statutory and other legal questions within the class format, prosecution of

24   separate actions by individual members of the CALIFORNIA CLASS will

25   create the risk of:

26   1)    Inconsistent or varying adjudications with respect to individual

27   members of the CALIFORNIA CLASS which would establish

28   incompatible standards of conduct for the parties opposing the

11

CALIFORNIA CLASS; and/or,

2) Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b) The parties opposing the CALIFORNIA CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that the DEFENDANT uniformly classified and treated the Caregivers as exempt and, thereafter, uniformly failed to take proper steps to determine whether the Caregivers were properly classified as exempt, and thereby denied these employees overtime wages as required by law;

1) With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim Plaintiff seeks declaratory relief holding that the DEFENDANTS' policy and practices constitute unfair competition, along with declaratory relief, injunctive relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct declared to constitute unfair competition;

(c) Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of California Law as listed above, and predominate over any question affecting only individual members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1) The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions

12

1            in that the substantial expense of individual actions will be avoided to

2            recover the relatively small amount of economic losses sustained by

3            the individual CALIFORNIA CLASS members when compared to the

4            substantial expense and burden of individual prosecution of this

5            litigation;

6       2)     Class certification will obviate the need for unduly duplicative

7            litigation that would create the risk of:

8            A.    Inconsistent or varying adjudications with respect to

9                  individual members of the CALIFORNIA CLASS, which

10                 would establish incompatible standards of conduct for the

11                 DEFENDANTS; and/or,

12            B.    Adjudications with respect to individual members of the

13                 CALIFORNIA CLASS would as a practical matter be

14                 dispositive of the interests of the other members not parties to

15                 the adjudication or substantially impair or impede their ability

16                 to protect their interests;

17       3)     In the context of wage litigation because a substantial number of

18            individual class members will avoid asserting their legal rights out of

19            fear of retaliation by DEFENDANTS, which may adversely affect an

20            individual's job with DEFENDANTS or with a subsequent employer,

21            the Class Action is the only means to assert their claims through a

22            representative; and,

23       4)     A class action is superior to other available methods for the fair and

24            efficient adjudication of this litigation because class treatment will

25            obviate the need for unduly and unnecessary duplicative litigation that

26            is likely to result in the absence of certification of this action pursuant

27            to Fed. R. Civ. Proc. 23(b)(3).

28    26.     This Court should permit this action to be maintained as a Class Action

1    pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3) because:

2          (a)    The questions of law and fact common to the CALIFORNIA CLASS
3                 predominate over any question affecting only individual members because
4                 the DEFENDANTS' employment practices were uniform and systematically
5                 applied with respect to the CALIFORNIA CLASS;

6          (b)    A Class Action is superior to any other available method for the fair and
7                 efficient adjudication of the claims of the members of the CALIFORNIA
8                 CLASS because in the context of employment litigation a substantial number
9                 of individual Class members will avoid asserting their rights individually out
10                of fear of retaliation or adverse impact on their employment;

11         (c)    The members of the CALIFORNIA CLASS exceed 100 people and are
12                therefore so numerous that it is impractical to bring all members of the
13                CALIFORNIA CLASS before the Court;

14         (d)    PLAINTIFF, and the other CALIFORNIA CLASS members, will not be able
15                to obtain effective and economic legal redress unless the action is maintained
16                as a Class Action;

17         (e)    There is a community of interest in obtaining appropriate legal and equitable
18                relief for the acts of unfair competition, statutory violations and other
19                improprieties, and in obtaining adequate compensation for the damages and
20                injuries which DEFENDANT's actions have inflicted upon the
21                CALIFORNIA CLASS;

22         (f)    There is a community of interest in ensuring that the combined assets of
23                DEFENDANT are sufficient to adequately compensate the members of the
24                CALIFORNIA CLASS for the injuries sustained;

25         (g)    DEFENDANT has acted or refused to act on grounds generally applicable to
26                the CALIFORNIA CLASS, thereby making final class-wide relief
27                appropriate with respect to the CALIFORNIA CLASS as a whole;

28         (h)    The members of the CALIFORNIA CLASS are readily ascertainable from

14

1    the business records of DEFENDANT.  The CALIFORNIA CLASS consists

2    of all DEFENDANTS' Caregivers employed in California during the CLASS

3    PERIOD; and,

4    (i)    Class treatment provides manageable judicial treatment calculated to bring a

5    efficient and rapid conclusion to all litigation of all wage and hour related

6    claims arising out of the conduct of DEFENDANTS as to the members of the

7    CALIFORNIA CLASS.

8    27.    DEFENDANTS maintain records from which the Court can ascertain and

9    identify by job title each of DEFENDANTS' employees who as have been systematically,

10    intentionally and uniformly subjected to DEFENDANTS' corporate policy, practices and

11    procedures as herein alleged.  PLAINTIFF will seek leave to amend the complaint to include any

12    additional job titles of similarly situated employees when they have been identified.

13

14    **THE CALIFORNIA LABOR SUB-CLASS**

15    28.    PLAINTIFF further brings the Second, Third, Fourth, and Fifth causes of action on

16    behalf of a subclass which consists of all members of the CALIFORNIA CLASS who were

17    employed by Defendant SALUS during the period three (3) years prior to the filing of the complaint

18    and ending on the date as determined by the Court (CALIFORNIA LABOR SUB-CLASS

19    PERIOD), with overtime hours who were classified by Defendant as exempt, and who performed

20    work in excess of eight (8) hours in one day and/or forty (40) hours in one week and/or hours on the

21    seventh (7th) consecutive day of a workweek and did not receive overtime compensation as required

22    by Labor Code Section 510 and Wage Order 4-2001 (the "CALIFORNIA LABOR SUBCLASS")

23    pursuant to Fed. R. Civ. Proc. 23(b)(3).

24    29.    SALUS, as a matter of corporate policy, practice and procedure, and in violation of

25    the applicable California Labor Code ("Labor Code"), and Industrial Welfare Commission ("IWC")

26    Wage Order Requirements intentionally, knowingly, and wilfully, on the basis of job title alone and

27    without regard to the actual overall requirements of the job, systematically classified  PLAINTIFF

28    and other members of the CALIFORNIA CLASS and CALIFORNIA LABOR SUBCLASS as

15

1    exempt from overtime wages and other labor laws in order to avoid the payment of overtime wages

2    by misclassifying their positions as exempt from overtime wages and other labor laws.  To the

3    extent equitable tolling operates to toll claims by the CALIFORNIA LABOR SUBCLASS against

4    SALUS,  the CALIFORNIA LABOR SUB-CLASS should be adjusted accordingly.

5         30.    To the extent that SALUS has created a number of job levels and/or job titles for

6    Caregivers to create the superficial appearance of a number of unique jobs, when in fact, these jobs

7    are substantially similar, these job titles can be easily grouped together for the purpose of

8    determining whether they are exempt from overtime wages.  SALUS has uniformly misclassified

9    these CALIFORNIA CLASS and CALIFORNIA LABOR SUBCLASS  members as exempt and

10   denied them overtime wages and other benefits to which non-exempt employees are entitled in

11   order to unfairly cheat the competition and unlawfully profit.

12        31.    SALUS maintains records from which the Court can ascertain and identify by job

13   title each of SALUS' employees who as CALIFORNIA CLASS and CALIFORNIA LABOR

14   SUBCLASS  members have been systematically, intentionally and uniformly misclassified as

15   exempt as a matter of DEFENDANTS' corporate policy, practices and procedures.  PLAINTIFF

16   will seek leave to amend the complaint to include these additional job titles when they have been

17   identified.

18        32.    The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder

19   of all members, which number over 100 Caregivers, is impracticable.

20        33.    Common questions of law and fact exist as to members of the CALIFORNIA

21   LABOR SUB-CLASS, including, but not limited, to the following:

22              (a)    Whether DEFENDANTS unlawfully failed to pay overtime compensation to

23                     members of the CALIFORNIA LABOR SUB-CLASS in violation of the

24                     California Labor Code and applicable regulations, Cal. Lab. Code §§ 201,

25                     202, 203, 226, 510 and California Wage Order 15-2001;

26              (b)    Whether the members of the CALIFORNIA LABOR SUB-CLASS are non-

27                     exempt employees entitled to overtime compensation for overtime hours

28                     worked under the overtime pay requirements of California Law;

16

(c)     Whether DEFENDANTS' policy and practice of classifying the SUBCLASS members as exempt from overtime compensation and failing to pay the CALIFORNIA LABOR SUB-CLASS members overtime violate applicable provisions of California law;

(d)     Whether DEFENDANTS unlawfully failed to keep and furnish California members with accurate records of hours worked;

(e)     Whether DEFENDANTS' policy and practice of failing to pay members of the CALIFORNIA LABOR SUB-CLASS all wages when due within the time required by law after their employment ended violates California law;

(f)     Whether DEFENDANTS unlawfully failed to provide all required meal and rest periods to the members of the CALIFORNIA LABOR SUB-CLASS; and,

(g)     Whether DEFENDANTS unlawfully failed to tender full payment and/or restitution of wages owed or in the manner required by California law to the members of the CALIFORNIA LABOR SUBCLASS who have terminated their employment; and,

(h)     The proper measure of damages and penalties owed to the members of the CALIFORNIA LABOR SUB-CLASS.

34.     DEFENDANT, as a matter of corporate policy, practice and procedure, classified all Caregivers as non-exempt from overtime wages and other labor laws, and therefore are legally required to pay overtime as required by law and comply with all other labor laws and regulations with respect to these employees.  All Caregivers, including the PLAINTIFF, performed the same primary functions and were paid by DEFENDANT according to uniform and systematic company procedures, which, as alleged herein above, failed to correctly pay overtime compensation. This business practice was uniformly applied to each and every member of the CALIFORNIA LABOR SUBCLASS, and therefore, the propriety of this conduct can be adjudicated on a classwide basis.

35.     DEFENDANT violated the rights of the CALIFORNIA LABOR SUBCLASS

17

1    under California law by:

2        (a)   Violating Cal. Lab. Code §§ 510, *et seq.* by misclassifying and thereby failing

3              to pay PLAINTIFF and the members of the CALIFORNIA LABOR

4              SUBCLASS the correct overtime pay for a work day longer than eight (8)

5              hours and/or a workweek longer than forty (40) hours, and also for all hours

6              worked on the seventh (7th) day of a workweek for which DEFENDANT is

7              liable pursuant to Cal. Lab. Code § 1194; and

8        (b)   Violating Cal. Lab. Code § 203, which provides that when an employee is

9              discharged or quits from employment, the employer must pay the employee

10             all wages due without abatement, by failing to tender full payment and/or

11             restitution of wages owed or in the manner required by California law to the

12             members of the CALIFORNIA LABOR SUBCLASS who have terminated

13             their employment;

14       (c)   Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide PLAINTIFF

15             and the members of the CALIFORNIA LABOR CLASS who were

16             improperly classified as exempt with meal and rest periods;

17       (d)   Violating Cal. Lab. Code § 226 by failing to provide PLAINTIFF and the

18             members of the CALIFORNIA LABOR CLASS who were improperly

19             classified as exempt with an accurate itemized statement in writing showing

20             the gross wages earned, the net wages earned, all applicable hourly rates in

21             effect during the pay period and the corresponding number of hours worked

22             at each hourly rate by the employee; and,

23       (e)   Violating Cal. Lab. Code § 203 by failing to provide restitution of wages

24             owed to members of the CALIFORNIA LABOR SUBCLASS who were

25             improperly classified as exempt and who have terminated their employment.

26       36.   This Class Action meets the statutory prerequisites for the maintenance of a

27   Class Action as set forth in Fed. R. Civ. Proc. 23(b)(3), in that:

28       (a)   The persons who comprise the CALIFORNIA LABOR SUBCLASS exceed

18

1    100 individuals and are therefore so numerous that the joinder of all such

2    persons is impracticable and the disposition of their claims as a class will

3    benefit the parties and the Court;

4    (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues that

5    are raised in this Complaint are common to the CALIFORNIA LABOR

6    SUBCLASS and will apply uniformly to every member of the CALIFORNIA

7    LABOR SUBCLASS;

8    (c)    The claims of the representative PLAINTIFF are typical of the claims of each

9    member of the CALIFORNIA LABOR SUBCLASS.    PLAINTIFF, like all

10    other members of the CALIFORNIA LABOR SUBCLASS, performed

11    general housekeeping duties greater than 20% of her weekly activities, and

12    was improperly classified as exempt and denied overtime pay as a result of

13    DEFENDANT's systematic classification practices.  PLAINTIFF and all

14    other members of the CALIFORNIA LABOR SUBCLASS sustained

15    economic injuries arising from DEFENDANT's violations of the laws of

16    California; and,

17    (d)    The representative PLAINTIFF will fairly and adequately represent and

18    protect the interest of the CALIFORNIA LABOR SUBCLASS, and has

19    retained counsel who are competent and experienced in Class Action

20    litigation.  There are no material conflicts between the claims of the

21    representative PLAINTIFF and the members of the CALIFORNIA LABOR

22    SUBCLASS that would make class certification inappropriate.  Counsel for

23    the CALIFORNIA LABOR SUBCLASS will vigorously assert the claims of

24    all Class Members.

25    37.    In addition to meeting the statutory prerequisites to a Class Action, this action

26    is properly maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(3), in that:

27    (a)    Without class certification and determination of declaratory, injunctive,

28    statutory and other legal questions within the class format, prosecution of

19

separate actions by individual members of the CALIFORNIA LABOR

SUBCLASS will create the risk of:

1)     Inconsistent or varying adjudications with respect to individual

members of the CALIFORNIA LABOR SUBCLASS which would

establish incompatible standards of conduct for the parties opposing

the CALIFORNIA LABOR SUBCLASS; or,

2)     Adjudication with respect to individual members of the

CALIFORNIA LABOR SUBCLASS which would as a practical

matter be dispositive of interests of the other members not party to the

adjudication or substantially impair or impede their ability to protect

their interests.

(b)     The parties opposing the CALIFORNIA LABOR SUBCLASS have acted or

refused to act on grounds generally applicable to the CALIFORNIA

SUBCLASS, making appropriate class-wide relief with respect to the

SUBCLASS as a whole in that the DEFENDANTS uniformly classified and

treated the Caregivers as exempt and, thereafter, uniformly failed to take

proper steps to determine whether the Caregivers were properly classified as

exempt, and thereby denied these employees overtime wages as required by

law;

(c)     Common questions of law and fact predominate as to the members of the

CALIFORNIA LABOR SUBCLASS, with respect to the practices and

violations of California Law as listed above, and predominate over any

question affecting only individual members, and a Class Action is superior to

other available methods for the fair and efficient adjudication of the

controversy, including consideration of:

1)     The interests of the members of the CALIFORNIA LABOR

SUBCLASS in individually controlling the prosecution or defense of

separate actions in that the substantial expense of individual actions

20

1    will be avoided to recover the relatively small amount of economic

2    losses sustained by the individual CALIFORNIA LABOR

3    SUBCLASS members when compared to the substantial expense and

4    burden of individual prosecution of this litigation;

5       2)    Class certification will obviate the need for unduly duplicative

6    litigation that would create the risk of:

7           A.    Inconsistent or varying adjudications with respect to

8    individual members of the CALIFORNIA LABOR

9    SUBCLASS, which would establish incompatible standards of

10    conduct for the DEFENDANTS; and/or,

11           B.    Adjudications with respect to individual members of the

12    CALIFORNIA LABOR SUBCLASS would as a practical

13    matter be dispositive of the interests of the other members not

14    parties to the adjudication or substantially impair or impede

15    their ability to protect their interests;

16       3)    In the context of wage litigation because a substantial number of

17    individual class members will avoid asserting their legal rights out of

18    fear of retaliation by DEFENDANTS, which may adversely affect an

19    individual's job with DEFENDANTS or with a subsequent employer,

20    the Class Action is the only means to assert their claims through a

21    representative; and,

22       4)    A class action is superior to other available methods for the fair and

23    efficient adjudication of this litigation because class treatment will

24    obviate the need for unduly and unnecessary duplicative litigation that

25    is likely to result in the absence of certification of this action pursuant

26    to Fed. R. Civ. Proc. 23(b)(3).

27    38.    This Court should permit this action to be maintained as a Class Action pursuant to

28    Fed. R. Civ. Proc. 23(b)(3) because:

(a)    The questions of law and fact common to the CALIFORNIA LABOR SUBCLASS predominate over any question affecting only individual members;

(b)    A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA LABOR SUBCLASS because in the context of employment litigation a substantial number of individual Class members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)    The members of the CALIFORNIA LABOR SUBCLASS exceed 100 individuals and are therefore so numerous that it is impractical to bring all members of the CALIFORNIA LABOR SUBCLASS before the Court;

(d)    PLAINTIFF, and the other CALIFORNIA LABOR SUBCLASS members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)    There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA LABOR SUBCLASS;

(f)    There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA LABOR SUBCLASS for the injuries sustained;

(g)    DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUBCLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUBCLASS as a whole;

(h)    The members of the CALIFORNIA LABOR SUBCLASS are readily

22

1    ascertainable from the business records of DEFENDANTS.  The

2    CALIFORNIA LABOR SUBCLASS consists of those Caregivers with

3    documented overtime who were subjected to the DEFENDANT's overtime

4    miscalculation practices; and,

5    (i)    Class treatment provides manageable judicial treatment calculated to bring a

6    efficient and rapid conclusion to all litigation of all wage and hour related

7    claims arising out of the conduct of DEFENDANT as to the members of the

8    CALIFORNIA LABOR SUBCLASS.

9

10    **JURISDICTION AND VENUE**

11    39.    This Court has original jurisdiction over PLAINTIFF'S state law class claims

12    pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332 in that although the majority of

13    the CALIFORNIA CLASS is comprised of residents of  California, at least one member of the

14    CALIFORNIA CLASS is a citizen of a state other than California, there are more than 100

15    individuals in the CALIFORNIA CLASS and the amount in controversy in this complaint exceeds

16    the sum or value of $ 5,000,000.

17    40.    This Court has jurisdiction pursuant to 28 U.S.C.§1331 over PLAINTIFF'S

18    collective claims brought pursuant to the FLSA, 29 U.S.C. §201, *et seq*.

19    41.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 because

20    DEFENDANTS (i) are subject to personal jurisdiction in this District and  therefore, reside in this

21    District and/or (ii) committed the wrongful conduct against certain members of the CLASS in San

22    Diego County, California.

23    **FIRST CAUSE OF ACTION**

24    **For Unlawful Business Practices**

25    **[Cal. Bus. And Prof. Code § 17200 et seq.]**

26    **(By PLAINTIFF and the CALIFORNIA CLASS and against All Defendants)**

27    42.    PLAINTIFF, and the other members of the CALIFORNIA CLASS,

28    reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 41

23

1  of this Complaint.  This cause of action is brought on behalf of PLAINTIFF and the CALIFORNIA

2  CLASS.

3      43.     DEFENDANTS are "persons" as that term is defined under Cal. Bus. and Prof. Code

4  § 17021.

5      44.     California Business & Professions Code § 17200 *et seq.* (the "UCL")

6  defines unfair competition as any unlawful, unfair, or fraudulent business act or practice.  Section

7  17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair

8  competition as follows:

9      Any person who engages, has engaged, or proposes to engage in unfair competition

10     may be enjoined in any court of competent jurisdiction. The court may make such

11     orders or judgments, including the appointment of a receiver, as may be necessary to

12     prevent the use or employment by any person of any practice which constitutes unfair

13     competition, as defined in this chapter, or as may be necessary to restore to any

14     person in interest any money or property, real or personal, which may have been

15     acquired by means of such unfair competition.

16  California Business & Professions Code § 17203.

17     45.     Through the conduct alleged herein, DEFENDANTS have engaged in an

18  unlawful, unfair, and/or deceptive business practice by violating California law, including but not

19  limited to provisions of the Wage Orders, the Regulations implementing the Fair Labor Standards

20  Act as enacted by the Secretary of Labor, the California Labor Code, the Code of Federal

21  Regulations and the California Code of Regulations, the opinions of the Department of Labor

22  Standards Enforcement,  California Labor Code § 226, California Labor Code § 226.7, and

23  California Labor Code § 203 by unfairly violating the public policy of the state of California to take

24  all reasonable steps to properly classify employees as exempt or non-exempt and by deceptively

25  telling the PLAINTIFF and the members of the CALIFORNIA CLASS that they were all exempt

26  when DEFENDANT knew this statement to be untrue, for which this Court should issue

27  declaratory, injunctive and other equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, as

28  may be necessary to prevent and remedy the conduct held to constitute unfair competition.

24

46.    By and through the unlawful, unfair, and/or deceptive  business practices described herein, DEFENDANTS have obtained valuable property, money, and services from the PLAINTIFF, and the other members of the CALIFORNIA CLASS, and has deprived them of valuable rights and benefits guaranteed by law, all to their detriment and to the benefit of DEFENDANTS so as to allow DEFENDANTS to unfairly compete.  Declaratory and injunctive relief is necessary to prevent and remedy this unfair competition, and pecuniary compensation alone would not afford adequate and complete relief.

47.    All the acts described herein as violations of, among other things, the Cal. Lab. Code, California Code of Regulations, and the Industrial Welfare Commission Wage Orders, are unlawful, are in violation of public policy, are immoral, unethical, oppressive, and unscrupulous, and are likely to deceive employees, and thereby constitute deceptive, unfair and unlawful business practices in violation of Cal. Bus. and Prof. Code § 17200 *et seq.*

48.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, are further entitled to, and do, seek a declaration that the above described business practices are deceptive unfair and/or unlawful and that an injunctive relief should be issued restraining DEFENDANT from engaging in any of these deceptive, unfair and unlawful business practices in the future.

49.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, have no plain, speedy, and/or adequate remedy at law that will end the unfair and unlawful business practices of DEFENDANT.  Further, the practices herein alleged presently continue to occur unabated.  As a result of the unfair and unlawful business practices described above, PLAINTIFF, and the other members of the CALIFORNIA CLASS, have suffered and will continue to suffer irreparable harm unless DEFENDANT is restrained from continuing to engage in these unfair and unlawful business practices.  In addition, DEFENDANT should be required to disgorge the unpaid moneys into a fluid fund and to make restitution to PLAINTIFF, and the other members of the CALIFORNIA CLASS.

**SECOND CAUSE OF ACTION**

**For Failure To Pay Overtime Compensation**

**[Cal. Lab. Code §§ 204, 210, 510, 1194, 1197 and 1198]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against all Defendants)**

50.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 49 of this Complaint.

51.     Cal. Lab. Code § 204 requires employers to pay employees for all hours worked as follows: "all wages... ...earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays." Cal. Lab. Code § 510 further provides that employees in California shall not be employed more than eight (8) hours in any workday or forty (40) hours in a workweek or on a seventh (7th) consecutive workday of a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

52.     Cal. Lab. Code § 551 states that, "Every person employed in any occupation of labor is entitled to one day's rest therefrom in seven."

53.     Cal. Lab. Code § 552 states that, "No employer of labor shall cause his employees to work more than six days in seven."

54.     Cal. Lab. Code § 1194 states:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

55.     Cal. Lab. Code § 1198 provides:

The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those

26

1         fixed by the order or under conditions of labor prohibited by the order is unlawful.

2      56.    DEFENDANTS have intentionally and uniformly designated certain employees as

3  "exempt" from receiving wages for all hours worked and from receiving certain other rights, by

4  their job title and without regard to DEFENDANTS' realistic expectations, the requirements of the

5  job, and the method of payment made by DEFENDANTS, including PLAINTIFF and the other

6  members of the CALIFORNIA LABOR SUB-CLASS who worked on the production side of the

7  DEFENDANTS' business enterprise.  This was done in an illegal attempt to avoid payment of

8  regular and overtime wages and other benefits in violation of the Cal. Lab. Code and Industrial

9  Welfare Commission requirements.

10      57.    Pursuant to Wage Order 15-2001, only employees whose primary job duties meet the

11  test of exemption as a(n) "executive," "administrator,"  "professional," or as a "personal attendant"

12  may be exempt from the provisions of the Wage Order that require the payment of minimum wage

13  and overtime.  The primary job duties of the PLAINTIFF and the members of the CALIFORNIA

14  LABOR SUB-CLASS would not qualify these employees to meet any of these exemptions.

15      58.    For an employee to be exempt as a bona fide "executive," all the following criteria

16  must be met and DEFENDANTS have the burden of proving that:

17      (a)    The employee's primary duty must be management of the enterprise, or of a

18         customarily recognized department or subdivision; and,

19      (b)    The employee must customarily and regularly direct the work of at least two (2) or

20         more other employees; and,

21      (c)    The employee must have the authority to hire and fire, or to command particularly

22         serious attention to his or his recommendations on such actions affecting other

23         employees; and,

24      (d)    The employee must customarily and regularly exercise discretion and independent

25         judgment; and,

26      (e)    The employee must be primarily engaged in duties which meet the test of exemption.

27  No member of the CALIFORNIA LABOR SUB-CLASS was or is an executive because they all fail

28  to meet the requirements of being an "executive" within the meaning of Order No. 15-2001.

59.    For an employee to be exempt as a bona fide "administrator," all of the following criteria must be met and DEFENDANTS have the burden of proving that:

(a)    The employee must perform office or non-manual work directly related to management policies or general business operation of the employer; and,

(b)    The employee must customarily and regularly exercise discretion and independent judgment; and,

(c)    The employee must regularly and directly assist a proprietor or an exempt administrator; or,

(d)    The employee must perform, under only general supervision, work requiring special training, experience, or knowledge, or,

(e)    The employee must execute special assignments and tasks under only general supervision; and,

(f)    The employee must be primarily engaged in duties which meet the test of exemption.

No member of the CALIFORNIA LABOR SUB-CLASS was or is an administrator because they all fail to meet the requirements for being an "administrator" under Order No. 15-2001.

60.    The Industrial Welfare Commission, ICW Wage Order 15-2001 also sets forth the requirements which must be complied with to place an employee in the "professional" exempt category.  For an employee to be exempt as a bona fide professional, all the following criteria must be met:

(a)    The employee must primarily perform work that is intellectual or creative and that requires the exercise of discretion and independent judgment.

(b)    The employee must be licensed of certified by the state of California and is primarily engaged in the practice of one of the following recognized professions: law, medicine, dentistry, optometry, architecture, engineering, teaching or accounting.

No member of the CALIFORNIA LABOR SUB-CLASS was or is a professional because they all fail to meet the requirements for being an "professional" under Order No. 15-2001.

61.    PLAINTIFF, and other members of the CALIFORNIA LABOR SUB-CLASS, do not

28

1  fit the definition of an exempt executive, administrative, or professional employee because:

2        (a) These employees performed no managerial or

3        administrative (exempt) duties;

4        (b) Their work hours are spent performing non-exempt duties, including but not

5        limited to performing manual labor;

6        (c) They do not have the discretion or independent judgment, in that they must

7        follow exacting and comprehensive company-wide policies and procedures which

8        dictate every aspect of their work day;

9        (d) They do not have the authority to hire and/or fire other personnel; and,

10       (e) PLAINTIFF and the other members of the CALIFORNIA LABOR CLASS did

11       not earn a monthly salary equivalent to two (2) times the state minimum wage for

12       full-time employment.

13     62.    PLAINTIFF, and other members of the CALIFORNIA LABOR SUB-CLASS, are

14 not personal attendants within the meaning of Wage Order 15 because a significant amount of work,

15 i.e. more than 20% of their weekly time, is spent performing certain general housekeeping duties

16 without the assistance of the client.  As shown by <u>Exhibit 1</u>, the PLAINTIFF and members of the

17 CALIFORNIA LABOR SUBCLASS are required to, without the participation of the client: (a) cook

18 breakfast, lunch and dinner; (b) run errands, which includes grocery shopping and picking up

19 prescriptions; (c) perform homemaking, which includes laundry/washing/drying/folding; (d) clean

20 the restroom, which includes the toilet, sink, bathtub/shower, emptying of the trash,

21 sweeping/mopping the floor; (e) clean the kitchen, which includes cleaning the sink, washing the

22 dishes, wiping the counter, wiping the stove top, wiping the refrigerator, cleaning the inside of the

23 microwave, loading the dishwasher, emptying the dishwasher, sweep/mopping the floor, emptying

24 the trash; (f) clean the living area, which includes vacuuming, dusting, changing bed linens, wiping

25 mirrors; and (g) pet care.

26     63.    During the class period, the PLAINTIFF, and other members of the CALIFORNIA

27 LABOR SUBCLASS, worked more than eight (8) hours in a workday and/or forty (40) hours in a

28 work week and/or on the seventh (7th) consecutive day of a workweek.

64.     At all relevant times, DEFENDANTS failed to pay PLAINTIFF, and other members of the CALIFORNIA LABOR SUBCLASS, overtime compensation for the hours they worked in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510 and 1198, *et seq*. and the Wage Order, even though PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, worked regular hours at the private households of DEFENDANTS' clients, and did in fact work overtime hours for DEFENDANTS.

65.     By virtue of DEFENDANTS' unlawful failure to pay additional compensation to the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, for their overtime hours, the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, have suffered, and will continue to suffer, an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

66.     DEFENDANTS knew or should have known that PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, were misclassified as exempt from wages and DEFENDANTS systematically elected, either through intentional malfeasance or gross nonfeasance, not to pay them for their labor as a matter of uniform corporate policy, practice and procedure.

67.     Therefore, PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, request recovery of regular and overtime compensation according to proof, interest, attorney's fees and costs pursuant to Cal. Lab. Code § 1194(a), as well as the assessment of any statutory penalties against DEFENDANTS, in a sum as provided by the Cal. Lab. Code and/or other statutes.

68.     In performing the acts and practices herein alleged in violation of labor laws and refusing to provide the requisite overtime compensation, the DEFENDANTS acted and continue to act intentionally, oppressively, and maliciously toward the PLAINTIFF, and toward the other members of the CALIFORNIA LABOR SUB-CLASS, with a conscious and utter disregard of their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights and otherwise causing them injury in order to increase corporate profits at the expense of PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS.

## THIRD CAUSE OF ACTION

### For Failure to Pay Wages When Due

### [ Cal. Lab. Code § 203]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS)

69.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 68 of this Complaint.

70.     Cal. Lab. Code § 200 provides that:

As used in this article:

(a) "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation.

(b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

71.     Cal. Lab. Code § 202 provides, in relevant part, that:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

72.     Cal. Lab. Code § 203 provides:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is

31

1   discharged or who quits, the wages of the employee shall continue as a penalty from
2   the due date thereof at the same rate until paid or until an action therefor is
3   commenced; but the wages shall not continue for more than 30 days.

4   73.    PLAINTIFF and many of the CALIFORNIA LABOR SUB-CLASS members have
5   terminated their employment and DEFENDANTS have not tendered payment of wages owed.

6   74.    Therefore, as provided by Cal Lab. Code § 203, on behalf of herself and the
7   members of the CALIFORNIA LABOR SUB-CLASS, PLAINTIFF demands thirty days of pay as
8   penalty for not paying all wages due at time of termination for all employees who terminated
9   employment during the CALIFORNIA LABOR SUB-CLASS PERIOD and demands an accounting
10  and payment of all wages due, plus interest.

11

12  **FOURTH CAUSE OF ACTION**

13  **For Failure to Provide Accurate Itemized Statements**

14  **[Cal. Lab. Code § 226]**

15  **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS)**

16  75.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,
17  reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 74
18  of this Complaint.  This cause of action is brought on behalf of PLAINTIFF and the CALIFORNIA
19  LABOR SUBCLASS.

20  76.    Cal. Labor Code § 226 provides that an employer must furnish employees with
21  an "accurate itemized statement in writing showing:

22  (1) gross wages earned,

23  (2) total hours worked by the employee, except for any employee whose compensation is
24  solely based on a salary and who is exempt from payment of overtime under subdivision (a)
25  of Section 515 or any applicable order of the Industrial Welfare Commission,

26  (3) the number of piecerate units earned and any applicable piece rate if the employee is paid
27  on a piece-rate basis,

28  (4) all deductions, provided that all deductions made on written orders of the employee may

32

be aggregated and shown as one item,

(5) net wages earned,

(6) the inclusive dates of the period for which the employee is paid,

(7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

(8) the name and address of the legal entity that is the employer, and

(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

77.    At all times relevant herein, DEFENDANT violated Labor Code § 226, in that DEFENDANT failed to properly and accurately itemize the gross wages earned, the net wages earned, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

78.    DEFENDANT knowingly and intentionally failed to comply with Labor Code § 226, causing damages to PLAINTIFF, and the other members of the CALIFORNIA LABOR SUBCLASS.  These damages include, but are not limited to, costs expended calculating the true hours worked and the amount of employment taxes which were not properly paid to state and federal tax authorities.  These damages are difficult to estimate.  Therefore, PLAINTIFF, and the other members of the CALIFORNIA LABOR SUBCLASS may recover liquidated damages of $50.00 for the initial pay period in which the violation occurred, and $100.00 for each violation in subsequent pay period pursuant to Labor Code § 226, in an amount according to proof at the time of trial (but in no event more than $4,000.00 for PLAINTIFF and each respective member of the CALIFORNIA LABOR SUBCLASS herein) plus reasonable attorney's fees and costs pursuant to Labor Code § 226(g).

**FIFTH CAUSE OF ACTION**

**For Failure to Provide Meal and/or Rest Periods**

**[Cal. Lab. Code §§ 226.7 and 512]**

**(By PLAINTIFF and the  CALIFORNIA LABOR SUBCLASS)**

79.    PLAINTIFF, and the other members of the  CALIFORNIA LABOR SUBCLASS, reallege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 78 of this Complaint.

80.    Cal. Lab. Code § 512 provides, in relevant part: "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

81.    Section 11 of the Order 15-2001 of the Industrial Wage Commission (the "Wage Order") provides, in relevant part:

Meal Periods:

(A)    No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee.

(B)    An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be

34

1    waived by mutual consent of the employer and the employee only if the first

2    meal period was not waived.

3    (C)    Unless the employee is relieved of all duty during a 30 minute meal period,

4    the meal period shall be considered an "on duty" meal period and counted as

5    time worked. An "on duty" meal period shall be permitted only when the

6    nature of the work prevents an employee from being relieved of all duty and

7    when by written agreement between the parties an on-the-job paid meal

8    period is agreed to. The written agreement shall state that the employee may,

9    in writing, revoke the agreement at any time.

10    (D)    If an employer fails to provide an employee a meal period in accordance with

11    the applicable provisions of this order, the employer shall pay the employee

12    one (1) hour of pay at the employee's regular rate of compensation for each

13    workday that the meal period is not provided.

14        82.    Section 12 of Order 15-2001 of the Industrial Wage Commission (the "Wage

15    Order") provides, in relevant part:

16    Rest Periods:

17    (A)    Every employer shall authorize and permit all employees to take rest periods,

18    which insofar as practicable shall be in the middle of each work period. The

19    authorized rest period time shall be based on the total hours worked daily at

20    the rate of ten (10) minutes net rest time per four (4) hours or major fraction

21    thereof. However, a rest period need not be authorized for employees whose

22    total daily work time is less than three and one-half (3 1/2) hours. Authorized

23    rest period time shall be counted as hours worked for which there shall be no

24    deduction from wages.

25    (B)    If an employer fails to provide an employee a rest period in accordance with

26    the applicable provisions of this Order, the employer shall pay the employee

27    one (1) hour of pay at the employee's regular rate of compensation for each

28    work day that the rest period is not provided.

35

83. Cal. Lab. Code § 226.7 provides:

(a) No employer shall require any employee to work during any meal or rest period

mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in

accordance with an applicable order of the Industrial Welfare Commission, the

employer shall pay the employee one additional hour of pay at the employee's regular

rate of compensation for each work day that the meal or rest period is not provided.

84. DEFENDANTS have intentionally and improperly failed to provide all rest and/or

meal periods without any work or duties to PLAINTIFF and the other members of the

CALIFORNIA LABOR SUBCLASS who worked more than three and one half hours (3 ½) per day,

and by failing to do so DEFENDANTS violated the provisions of Labor Code 226.7.

85. Therefore, PLAINTIFF demands on behalf of herself and the members of the

CALIFORNIA LABOR SUBCLASS, one (1) hour of pay for each workday in which a rest period

was not provided for each four (4) hours of work during the period commencing on the date that is

within four years prior to the filing of this Complaint and one (1) hour of pay for each five (5) hours

of work in which a meal period was not provided.

## SIXTH CAUSE OF ACTION

### For Failure to Pay Overtime Compensation

### [ FLSA, 29 U.S.C. § 201, *et seq.*]

### (By PLAINTIFF and the COLLECTIVE CLASS)

86. PLAINTIFF, and the other members of the COLLECTIVE CLASS,  reallege and

incorporate by reference, as though fully set forth herein, paragraphs 1 through 85 of this

Complaint.

87. PLAINTIFF also brings this lawsuit as a collective action under the Fair Labor and

Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA"), on behalf of all persons who were, are, or

will be employed by DEFENDANTS as Caregivers, or in other substantially similar positions

during the period commencing three years prior to the filing of this Complaint and ending on the

36

date as the Court shall determine (the "COLLECTIVE CLASS PERIOD"), who performed work in excess of forty (40) hours in one week and did not receive overtime compensation as required by the FLSA (the "COLLECTIVE CLASS").  To the extent equitable tolling operates to toll claims by the COLLECTIVE CLASS against the DEFENDANTS, the COLLECTIVE CLASS PERIOD should be adjusted accordingly.  The COLLECTIVE CLASS includes all such persons, whether or not they were paid by commission, by salary, or by part commission and part salary.

88.     Questions of law and fact common to the COLLECTIVE CLASS as a whole, but not limited to the following, include:

a.     Whether DEFENDANTS misclassified PLAINTIFF and members of the COLLECTIVE CLASS as exempt from receiving compensation for all hours worked, including federal overtime compensation;

b.     Whether DEFENDANTS failed to adequately compensate the members of the COLLECTIVE CLASS for all hours worked as required by the FLSA, including the time worked through their meal periods;

c.     Whether DEFENDANTS should be enjoined from continuing the practices which violate the FLSA; and,

d.     Whether DEFENDANTS are liable to the COLLECTIVE CLASS.

89.     The Sixth cause of action for the violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C. 216(b), for all claims asserted by the representative PLAINTIFF of the COLLECTIVE CLASS because the claims of the PLAINTIFF are similar to the claims of the members of the prospective COLLECTIVE CLASS.

90.     PLAINTIFF and the COLLECTIVE CLASS are similarly situated, have substantially similar job requirements and pay provisions, and are subject to DEFENDANTS' common and uniform policy and practice of misclassifying their employees, failing to pay for all actual time worked and wages earned, and failing to accurately record all hours worked by these employees in violation of the FLSA and the Regulations implementing the Act as enacted by the Secretary of Labor (the "REGULATIONS").

91.     DEFENDANTS are engaged in communication, business, and transmission throughout the United States and are, therefore, engaged in commerce within the meaning of 29 U.S.C. § 203(b).

92.     29 U.S.C. § 255 provides that a three-year statute of limitations applies to willful violations of the FLSA.

93.     The Fair Labor Standards Act, 29 U.S.C. §201, *et seq*., states that an employee must be compensated for all hours worked, including all straight time compensation and overtime compensation.  29 C.F.R. §778.223 and 29 C.F.R. §778.315.  This Court has concurrent jurisdiction over claims involving the Fair Labor Standards Act pursuant to 29 U.S.C. § 216.

94.     Section 207(a) of the FLSA provides that:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

95.     Specifically, section 207(l) of the FLSA provides that:

> No employer shall employ any employee in domestic service in one or more households for a workweek longer than forty hours unless such employee receives compensation for such employment in accordance with subsection (a).

96.     The terms domestic service is defined by 29 CFR 552.3 as:

> [S]ervices of a household nature performed by an employee in or about a private home (permanent or temporary) of the person by whom he or she is employed. The term includes employees such as cooks, waiters, butlers, valets, maids, housekeepers, governesses, nurses, janitors, laundresses, caretakers, handymen, gardeners, footmen, grooms, and chauffeurs of automobiles for family use. It also includes babysitters employed on other than a casual basis.

38

97.    Section 213(a)(15) of the FLSA provides that the overtime pay requirement does not apply to:

>    any employee employed on a casual basis in domestic service employment to provide babysitting services or any employee employed in domestic service employment to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves (as such terms are defined and delimited by regulations of the Secretary).

98.    29 CFR 552.6 provides that the aforementioned exemption from overtime is only applicable if general household work "is incidental, i.e., does not exceed 20 percent of the total weekly hours worked."

99.    PLAINTIFF and every other individual employed by DEFENDANTS as a Caregiver or in other similarly situated positions was employed in domestic services in one or more households in which the general household work performed exceeded 20 percent of the total weekly hours worked.  PLAINTIFF and the other members of the COLLECTIVE CLASS, therefore, were not properly classified as exempt under section 213(a)(15) of the FLSA.  As a result, pursuant to section 207 of the FLSA, PLAINTIFF and every other individual employed by DEFENDANTS as a Caregiver or in other similarly situated positions should have been paid at a rate of not less than one and one-half times the regular rate at which they were employed for all hours worked longer than forty (40) in one workweek.

100.    DEFENDANTS have willfully engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed above, by uniformly designating certain employees as "exempt" employees, by their job title and without regard to DEFENDANTS' realistic expectations and actual overall requirements of the job, including PLAINTIFF and the other members of the COLLECTIVE CLASS who worked on the production side of the DEFENDANTS' business enterprise.  This was done in an illegal attempt to avoid payment of overtime wages and other benefits in violation of the FLSA and Code of Federal Regulations requirements.

101.    29 C.F.R. 541.2 establishes that a job title alone is insufficient to establish the exempt status of an employee. The exempt or nonexempt status of any particular employee must be

39

1    determined on the basis of whether the employee's salary and duties meet the requirements of the

2    regulations in this part.

3        102.    The exemptions of the FLSA as listed in section 13(a)(15) do not apply to

4    PLAINTIFF and the other members of the COLLECTIVE CLASS, because their work consists of

5    non-management, manual, and production line labor.

6        103.    For an employee to be exempt as a bona fide "executive," all the

7    following criteria must be met and DEFENDANTS have the burden of proving that:

8        (a)    The employee's primary duty must be management of the enterprise, or of a

9        customarily recognized department or subdivision;

10        (b)    The employee must customarily and regularly direct the work of at least two (2) or

11        more other employees;

12        (c)    The employee must have the authority to hire and fire, or to command particularly

13        serious attention to his or his recommendations on such actions affecting other

14        employees; and,

15        (d)    The employee must be primarily engaged in duties which meet the test of exemption.

16    No member of the COLLECTIVE CLASS was or is an executive because they all fail to meet the

17    requirements of being an "executive" under section 13 of the FLSA and 29 C.F.R. 541.100.

18    104.    For an employee to be exempt as a bona fide "administrator," all of the

19    following criteria must be met and DEFENDANTS have the burden of proving that:

20        (a)    The employee must perform office or non-manual work directly related to

21        management or general business operation of the employer or the employer's

22        customers;

23        (b)    The employee must customarily and regularly exercise discretion and independent

24        judgment with respect to matters of significance; and,

25        (c)    The employee must regularly and directly assist a proprietor or an exempt

26        administrator; or,

27        (d)    The employee must perform under only general supervision, work requiring special

28        training, experience, or knowledge; and,

(e)    The employee must be primarily engaged in duties which meet the test of exemption. No member of the COLLECTIVE CLASS was or is an administrator because they all fail to meet the requirements for being an "administrator" under section 13(a) of the FLSA and 29 C.F.R. 541.202. PLAINTIFF and the other members of the COLLECTIVE CLASS perform their primary, day to day duties without the requisite amount of discretion and independent judgment needed to qualify for the administrative exemption. Further, PLAINTIFF and the other members of the COLLECTIVE CLASS were not paid on a salary basis of not less than $455 per week.

105.    During the COLLECTIVE CLASS PERIOD, the PLAINTIFF, and other members of the COLLECTIVE CLASS, worked more than forty (40) hours in a work week and were also required to perform duties that were primarily for the benefit of the employer during meal periods.

106.    At all relevant times, DEFENDANTS failed to pay PLAINTIFF, and other members of the COLLECTIVE CLASS overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by section 7 of the FLSA, even though PLAINTIFF and the other members of the COLLECTIVE CLASS, were regularly required to work, and did in fact work overtime hours.

107.    At all relevant times, DEFENDANTS failed to pay PLAINTIFF, and other members of the COLLECTIVE CLASS, regular compensation for the hours they have worked, performing duties primarily for the benefit of the employer during meal periods.

108.    For purposes of the Fair Labor Standards Act, the employment practices of DEFENDANTS were and are uniform throughout California in all respects material to the claims asserted in this Complaint.

109.    As a result of DEFENDANTS' failure to pay overtime compensation for hours worked, as required by the FLSA, PLAINTIFF and the members of the COLLECTIVE CLASS were damaged in an amount to be proved at trial.

110.    PLAINTIFF, therefore, demands that she and the members of the COLLECTIVE CLASS be paid overtime compensation as required by the FLSA for every hour of overtime worked in any work week for which they were not compensated, straight wages for every hour worked

41

1   primarily for the benefit of DEFENDANTS during meal breaks for which they were not

2   compensated, liquidated damages, plus interest and attorneys' fees as provided by law.

3

4                                    **PRAYER**

5          WHEREFOR, PLAINTIFF prays for judgment against each Defendant, jointly and severally,

6   as follows:

7   1.    On behalf of the CALIFORNIA CLASS:

8          A)    That the Court certify the First Cause of Action asserted by the CALIFORNIA

9                CLASS as a class action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3);

10         B)    An order temporarily, preliminarily and permanently enjoining and restraining

11               DEFENDANTS from engaging in similar unlawful conduct as set forth herein;

12         C)    An order requiring DEFENDANTS to provide an accounting of all wages and all

13               sums unlawfuly withheld from compensation due to PLAINTIFF and the other

14               members of the CALIFORNIA CLASSES; and,

15         D)    Disgorgement of DEFENDANTS' ill-gotten gains into a fluid fund and imposition

16               of a constructive trust upon such assets of the DEFENDANTS for restitution of the

17               sums incidental to DEFENDANTS' violations due to PLAINTIFF and to the other

18               members of the CALIFORNIA CLASS.

19  2.    On behalf of the CALIFORNIA LABOR SUBCLASS:

20         A)    That the Court certify the Second, Third, Fourth, and Fifth Causes of Action asserted

21               by the CALIFORNIA LABOR SUBCLASS as a class action pursuant to Fed. R. Civ.

22               Proc. 23(b)(3);

23         B)    Compensatory damages, according to proof at trial, including compensatory damages

24               for both regular and overtime compensation due PLAINTIFF and the other members

25               of the CALIFORNIA LABOR SUBCLASS, during the applicable CALIFORNIA

26               CLASS PERIODS plus interest thereon at the statutory rate;

27         C)    One (1) hour of premium pay for each workday in which a rest period was not

28               provided to PLAINTIFF and each member of the CALIFORNIA LABOR

                                        42

1   SUBCLASS for each four (4) hours of work during the period commencing on the

2   date that is within four years prior to the filing of this Complaint;

3   D)   One hour of premium pay for each five (5) hours of work in which a meal period was

4   not provided to PLAINTIFF and each member of the CALIFORNIA LABOR

5   SUBCLASS;

6   E)   The wages of all terminated employee from the CALIFORNIA LABOR SUBCLASS

7   as a penalty from the due date thereof at the same rate until paid or until an action

8   therefor is commenced, for violation of Cal. Lab. Code § 203;

9   F)   The greater of all actual damages or fifty dollars ($50) for the initial pay period in

10   which a violation occurs and one hundred dollars ($100) per each member of the

11   CALIFORNIA LABOR SUBCLASS for each violation in a subsequent pay period,

12   not exceeding an aggregate penalty of four thousand dollars ($4,000), and an award

13   of costs and reasonable attorney's fees for violation of Cal. Lab. Code § 226.

14   3.   On behalf of the COLLECTIVE CLASS:

15   A)   That the Court certify the Sixth Cause of Action asserted by the COLLECTIVE

16   CLASS as an opt-in class action under 29 U.S.C. § 216(b);

17   B)   That the Court declare the rights and duties of the parties consistent with the relief

18   sought by Plaintiffs;

19   C)   Issue a declaratory judgment that Defendant's acts, policies, practices and procedures

20   complained of herein violated provisions of the Fair Labor Standards Act;

21   D)   That Defendants be enjoined from further violations of the Fair Labor Standards Act;

22   E)   That the PLAINTIFF and the members of the COLLECTIVE CLASS recover

23   compensatory, damages and an equal amount of liquidated damages as provided

24   under the law and in 29 U.S.C. § 216(b).

25   4.   On all claims:

26   A)   An award of interest, including prejudgment interest at the legal rate.

27   B)   An award of liquidated damages, statutory damages, including reasonable attorneys'

28   fees and cost of suit, but only to the extent that such reasonable attorneys' fees and

43

1    costs are recoverable pursuant to Cal. Lab. Code §1194 and 29 U.S.C. § 216(b).

2    Neither this prayer nor any other allegation or prayer in this Complaint is to be

3    construed as a request, under any circumstance, that would result in a request for

4    attorneys' fees or costs available under Cal. Lab. Code § 218.5;

5    C)    Such other and further relief as the Court deems just and equitable.

6

7    Dated:   September 4, 2008                        BLUMENTHAL & NORDREHAUG

8                                           By:     s/Norman B. Blumenthal
                                                    Norman B. Blumenthal
9                                                   Attorneys for Plaintiff

10                                          UNITED EMPLOYEES LAW GROUP
                                            Walter Haines, Esq.
11                                          65 Pine Ave, #312
                                            Long Beach, CA 90802
12                                          Telephone: (562) 256-1047
                                            Facsimile: (562) 256-1006

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT

1

2                               **<u>DEMAND FOR JURY TRIAL</u>**

3          Plaintiff demands a jury trial on issues triable to a jury.

4

5    Dated:   September 4, 2008                        BLUMENTHAL & NORDREHAUG

6                                             By:     *s/Norman B. Blumenthal*
                                                     Norman B. Blumenthal
7                                                    Attorneys for Plaintiff

8
                                             UNITED EMPLOYEES LAW GROUP
9                                            Walter Haines, Esq.
                                             65 Pine Ave, #312
10                                           Long Beach, CA 90802
                                             Telephone: (562) 256-1047
11                                           Facsimile: (562) 256-1006

12

13

14

15

16

17

18

19

20

21

22

23

24

25   G:\D\NBB\Pittard v. Salus\p-fac-FINAL.wpd

26

27

28
                                             45
                               FIRST AMENDED COMPLAINT



**SALUS**
HOMECARE

**TIME SHEET**
**ORANGE COUNTY**

23201 Lake Center Dr, #110
Lake Forest, CA 92630
tel 949-855-9133
fax 949-855-9563

Client _____   Report for Pay Period_____

Caregiver's Name _____   Signature _____   Tel _____

Address _____   City, ST, Zip_____   Cell _____

*Time Sheet must be signed by client and turned in on 1st, 8th, 16th, and 24th to insure proper payment. Pay dates: 5th, 20th. Fax 949-855-9563.*

| DAY | DATE | START TIME | END TIME | TOTAL TIME | MILEAGE | CLIENT SIGNATURE |
|-----|------|-----------|----------|-----------|---------|------------------|
| SUN |  |  |  |  |  |  |
| MON |  |  |  |  |  |  |
| TUE |  |  |  |  |  |  |
| WED |  |  |  |  |  |  |
| THU |  |  |  |  |  |  |
| FRI |  |  |  |  |  |  |
| SAT |  |  |  |  |  |  |
|  |  | TOTAL |  |  |  |  |

| PERSONAL CARE | SU | MO | TU | WE | TH | FR | SA |
|---------------|----|----|----|----|----|----|----|
| Bathing Assist |  |  |  |  |  |  |  |
| Bed/Tub/Sponge |  |  |  |  |  |  |  |
| Shower |  |  |  |  |  |  |  |
| Shampoo Hair |  |  |  |  |  |  |  |
| Assist Brush Teeth/Dent. |  |  |  |  |  |  |  |
| Assist Brushing Hair |  |  |  |  |  |  |  |
| Assist Shaving |  |  |  |  |  |  |  |
| Assist Eating |  |  |  |  |  |  |  |
| Feeding |  |  |  |  |  |  |  |
| Assist Ambulation |  |  |  |  |  |  |  |
| Assist Transfers |  |  |  |  |  |  |  |
| Assist to Restroom |  |  |  |  |  |  |  |
| Assist to Commode |  |  |  |  |  |  |  |
| Assist Bedpan |  |  |  |  |  |  |  |
| Incontinence Care |  |  |  |  |  |  |  |
| Change Pad/Diaper |  |  |  |  |  |  |  |
| Apply Lotion, etc. |  |  |  |  |  |  |  |
| Medication Reminder |  |  |  |  |  |  |  |
| **MEAL PREP** |  |  |  |  |  |  |  |
| Breakfast |  |  |  |  |  |  |  |
| Lunch |  |  |  |  |  |  |  |
| Dinner |  |  |  |  |  |  |  |
| **ERRANDS/ESCORTS** |  |  |  |  |  |  |  |
| Grocery Shopping |  |  |  |  |  |  |  |
| Outing |  |  |  |  |  |  |  |
| Prescription Pick-up |  |  |  |  |  |  |  |
| Doctor Appointment |  |  |  |  |  |  |  |

| HOMEMAKING | SU | MO | TU | WE | TH | FR | SA |
|------------|----|----|----|----|----|----|----|
| Laundry/Wash/Dry/Fold |  |  |  |  |  |  |  |
| **CLEAN RESTROOM** |  |  |  |  |  |  |  |
| Toilet |  |  |  |  |  |  |  |
| Sink |  |  |  |  |  |  |  |
| Bathtub/Shower |  |  |  |  |  |  |  |
| Empty Trash |  |  |  |  |  |  |  |
| Sweep/Mop Floor |  |  |  |  |  |  |  |
| **CLEAN KITCHEN** |  |  |  |  |  |  |  |
| Sink, Wash Dishes, etc. |  |  |  |  |  |  |  |
| Wipe Counter |  |  |  |  |  |  |  |
| Wipe Stove Top |  |  |  |  |  |  |  |
| Wipe Refrigerator |  |  |  |  |  |  |  |
| Clean Inside of Microwave |  |  |  |  |  |  |  |
| Load Dishwasher |  |  |  |  |  |  |  |
| Empty Dishwasher |  |  |  |  |  |  |  |
| Sweep/Mop Floor |  |  |  |  |  |  |  |
| Empty Trash |  |  |  |  |  |  |  |
| **CLEAN LIVING AREA** |  |  |  |  |  |  |  |
| Vacuum |  |  |  |  |  |  |  |
| Dust |  |  |  |  |  |  |  |
| Change Bed Linen |  |  |  |  |  |  |  |
| Wipe Mirrors |  |  |  |  |  |  |  |
| **COMPANIONSHIP** |  |  |  |  |  |  |  |
| Games |  |  |  |  |  |  |  |
| Walking |  |  |  |  |  |  |  |
| Pet Care |  |  |  |  |  |  |  |
| Socialization |  |  |  |  |  |  |  |

***Any and all changes in client's condition must be called into the office.***